## 55244. BOSTON SEA PARTY OF ATLANTA, INC. v. BRYANT LITHOGRAPHING COMPANY et al.
## 55245. BRYANT LITHOGRAPHING COMPANY v. BOSTON SEA PARTY OF ATLANTA, INC. et al.

McMURRAY, Judge.

Plaintiff, Bryant Lithographing Company, on November 10, 1976, sought judgment against several defendants. On November 11, 1976, a prejudgment summons of garnishment was served upon the appellant, Boston Sea Party of Atlanta, Inc. Boston Sea Party of Atlanta, Inc. is a wholly owned subsidiary of International Multifoods Corporation, headquartered in Minneapolis, Minnesota. Summons of garnishment served upon Boston Sea Party of Atlanta, Inc. (garnishee) was forwarded to the corporate headquarters in Minnesota where in-house counsel prepared an answer and mailed it to the clerk of the trial court along with a cover letter explaining that he desired the answer to be filed. Sometime later the answer, along with a copy of an order of the trial court, was returned to the garnishee. The order stated that in view of certain appellate court decisions in Georgia it would be unlawful for the trial court (Civil Court of Fulton County, now State Court) to continue to process *post judgment garnishments* until there had been a change in the statutory law relating thereto; and therefore any answers received by the clerk of the trial court would not be filed but would be returned to the garnishee with a copy of the order. The garnishee received the unfiled answer and copy of the order through the mail.

On March 1, 1977, default judgment was entered against the garnishee. On June 15, 1977, International Multifoods Corporation learned of the default judgment and soon thereafter filed an answer on behalf of its subsidiary and retained local counsel to represent garnishee, Boston Sea Party of Atlanta, Inc., in this action. Plaintiff filed its traverse of garnishee's answer. On June 27, 1977, garnishee filed its motion to set aside judgment of March 1, 1977; and on July 5, 1977, a motion to dismiss plaintiff's traverse of its answer, and on August 2, 1977, a motion to reduce judgment as permitted by Code

Ann. § 46-509 (Ga. L. 1976, pp. 1608, 1620; 1977, pp. 783, 784, effective July 1, 1977). Hearings were held September 6 and September 13, 1977, on garnishee's motions. On September 14, 1977, the trial court entered its orders denying garnishee's motion to set aside judgment and motion to dismiss traverse of its answer and granting garnishee's motion to reduce judgment pursuant to Code Ann. § 46-509, supra.

Garnishee appeals from the denial of its motions to set aside judgment and to dismiss the plaintiff's traverse of its answer. Plaintiff cross appeals, enumerating as error the granting of garnishee's motion to reduce judgment pursuant to Code Ann. § 46-509, supra. *Held:*

1. A judgment void on its face may be attacked in any court by any person, but a motion to set aside must be predicated upon some nonamendable defect appearing on the face of the record or pleadings. *Golden Star, Inc. v. Broyles Ins. Agency,* 118 Ga. App. 95, 96 (162 SE2d 756); *Southern Discount Co. v. Cooper,* 130 Ga. App. 223, 224 (203 SE2d 237). Under certain circumstances a separate complaint may be brought in equity to set aside a void judgment on equitable grounds where it is not obviously void on its face. *Payne v. Shelnutt,* 126 Ga. App. 598 (191 SE2d 487).

The main argument of the garnishee is that the default judgment is void by reason of the fact that it had answered in time, in the Civil Court of Fulton County with its answer marked "Dec. 21, 1976" as "Received" together with its letter of transmittal also marked received on that date. The evidence submitted shows the answer was in the clerk's office no sooner than thirty days and no more than 45 days, being exactly 40 days (November 11, 1976 to December 21, 1976) after service on November 11, 1976. The presumption of law is that all public officers do their duty as prescribed by law. *Beckham v. Gallemore,* 147 Ga. 323 (93 SE 884); *Brinson v. Ga. R. Bank &c. Co.,* 45 Ga. App. 459 (4), 460 (165 SE 321). If pleadings are delivered to the clerk for filing they will be deemed filed even though the proper entry of filing is not made thereon. See *Brinson v. Ga. R. Bank &c. Co.,* 45 Ga. App. 459, 461, supra; *Cooper v. Nisbet,* 119 Ga. 752 (1), 755 (47 SE 173). But here garnishee contends the

papers were returned to it with an order of the trial court that even though answers to post judgment garnishments "have been received. . . and not filed, be returned to the garnishee with a copy of this Order. . . " If the answer be thus deemed filed by law, then the default judgment would be void as garnishee was not in default. However, we do not reach the merits here for the reason shown in Division 2. *Golden Star, Inc. v. Broyles Ins. Agency,* 118 Ga. App. 95, 96, supra; *Southern Discount Co. v. Cooper,* 130 Ga. App. 223, 224, supra.

2. This court may take judicial notice that succeeding terms of the Civil Division of the State Court of Fulton County (formerly Atlanta Municipal Court, later Civil Court of Fulton County) begin on the first Monday of each month. See Ga. L. 1925, pp. 370, 377. The final judgment in this case was filed on March 1, 1977. Garnishee's motion to set aside judgment was filed on June 27, 1977, or after the end of the term in which final judgment was rendered. Whether or not garnishee can successfully maintain an equitable action to set aside the judgment based on fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant, under Code Ann. § 81A-160 (e) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) is not for this court to decide. The trial court was without authority to grant garnishee's motion to set aside and therefore did not err in denying that motion. See *Haraszti v. Feathers,* 141 Ga. App. 253 (1) (233 SE2d 242). As garnishee points out in its brief the denial of the garnishee's motion to set aside judgment renders moot the issues raised by garnishee's motion to dismiss plaintiff's traverse of garnishee's answer.

3. The court erred in granting garnishee's motion to reduce judgment pursuant to Code Ann. § 46-509, supra. "[O]n the trial of the motion, the burden of proof shall be on the garnishee." Code Ann. § 46-509, supra. Here the garnishee has presented no evidence that it has satisfied the statutory prerequisite of payment of accrued cost of court or that the amount by which garnishee was indebted to defendant from the time of service of summons of garnishment through and including the last day on which a timely answer could have been made did not match or

exceed the amount of the judgment of March 1, 1977.

*Judgment affirmed in Case no. 55244; reversed in Case no. 55245. Quillian, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 6, 1978 — DECIDED MAY 12, 1978 — REHEARING DENIED JUNE 20, 1978 —

*Smith, Cohen, Ringel, Kohler & Martin, William D. Barwick, Ralph H. Hicks,* for appellant (Case no. 55244).

*Richard C. Freeman, III, Joseph W. Freeman,* for appellees (Case no. 55244).

*Richard C. Freeman, III, Joseph W. Freeman,* for appellant (Case no. 55245).

*William D. Barwick, Ralph H. Hicks, Harvey S. Gray,* for appellees (Case no. 55245).