68630. J. E. E. H. ENTERPRISES, INC. v. MONTGOMERY WARD & COMPANY, INC.
68631. J. E. E. H. ENTERPRISES, INC. v. FIRST NATIONAL BANK OF COLUMBUS.
(321 SE2d 800)

BANKE, Presiding Judge.

The appellees, Montgomery Ward & Co., Inc., and The First National Bank of Columbus, were awarded default judgments in separate garnishment actions brought against the appellant, J. E. E. H. Enterprises, Inc. The appellant moved to set aside the default judgments, and in each case the trial court denied the motion because of the garnishee's failure to pay accrued court costs. These appeals followed. *Held*:

1. Appellant has not established a proper basis for a motion to set aside, pursuant to OCGA § 9-11-60 (d), in that no nonamendable defect appears on the face of the pleadings and no jurisdictional error is raised. See *Hawkins v. Walker*, 158 Ga. App. 562 (281 SE2d 311) (1981). Moreover, it is well established that the payment of accrued court costs is a statutory prerequisite to a motion to modify a default judgment of garnishment. See OCGA § 18-4-91; *Marler Oil Co. v. Citizens &c. Bank of Milledgeville*, 153 Ga. App. 186 (265 SE2d 58) (1980); *Boston Sea Party v. Bryant &c. Co.*, 146 Ga. App. 294 (3) (246

SE2d 350) (1978). Accordingly, the lower court did not err in denying appellant's motions to set aside the default judgments.

2. The motions by the appellees for assessment of 10 percent damages pursuant to OCGA § 5-6-6 are granted. Appellant's sole argument in these appeals is that this court should reverse its prior decisions construing OCGA § 18-4-91 to require the payment of accrued court costs as a prerequisite to a motion to modify a default judgment of garnishment. The code section provides as follows: "When a judgment is rendered against a garnishee under Code Section 18-4-90, on a motion filed not later than 60 days from the date the garnishee receives actual notice of the entry of the judgment against him, he may, *upon payment of all accrued costs of court*, have the judgment modified . . ." (Emphasis supplied.) The language of the statute is plain and unequivocal language and permits of no other reasonable construction than that payment of all accrued costs is a prerequisite to bringing the motion to modify. See generally *Board of Trustees &c. v. Christy*, 246 Ga. 553 (1) (272 SE2d 288) (1980). Appellant had no valid reason to anticipate reversal of the judgments below; accordingly, we conclude that the appeal was taken up for delay only. See generally *Hatchett v. Hatchett*, 240 Ga. 103 (239 SE2d 512) (1977); *Shick Moulding &c. Co. v. Edwards*, 163 Ga. App. 879 (296 SE2d 161) (1982).

*Judgments affirmed with damages. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 7, 1984.

*Charles C. Carter*, for appellant.
*Michael P. Cielinski*, for appellees.