A93A0773. FIVE STAR STEEL CONTRACTORS, INC.
v. COLONIAL CREDIT UNION.
(431 SE2d 712)

BEASLEY, Presiding Judge.

We granted this discretionary appeal to resolve an issue of first impression: whether a garnishee's failure to accept certified mail notification that a default judgment has been entered against it satisfies the requirement of "actual notice" in OCGA § 18-4-91 so as to commence the running of the 60-day period during which, upon payment of accrued costs, a garnishee may move to modify the default judgment. We hold that it does and affirm the judgment below.

Colonial Credit Union obtained judgment against Jackie Sneed in the amount of $5,424.71. Colonial believed Five Star Steel Contractors, Inc. to be Sneed's employer, and summons of garnishment was personally served on Five Star. Sneed's employment with Five Star, however, had terminated several weeks prior to the service of the summons. Mistakenly believing there was no need to answer since it did not owe Sneed any money, Five Star ignored the summons. Default judgment was entered against Five Star on January 6, 1992.

In January 1992, Colonial mailed a copy of the default judgment to Five Star via certified mail return receipt requested. A certified mail envelope postmarked January 24, 1992, indicates that it was sent by Colonial's attorney on that date to Five Star at its correct address and that no postage was due. After several attempts at delivery, the envelope was returned "unclaimed" in February 1992. In July 1992 Colonial obtained a fi. fa. Postjudgment interrogatories were personally served on Five Star on September 1, 1992.

Five Star's motion for reduction of the amount of the default judgment pursuant to OCGA § 18-4-91 was filed on September 18, 1992, and accrued costs were paid. In that motion and the accompanying affidavit of its president, Five Star alleged that it first learned of the default judgment on September 1, 1992. The court denied the motion as untimely, i.e., outside the 60-day period within which such motions may be filed, finding that Five Star had received notice when it refused to accept the certified mail in February.

OCGA § 18-4-91 allows a defaulting garnishee to move "not later than 60 days from the date [it] receives actual notice of the entry of the judgment against him, . . . upon payment of all accrued costs of court, [to] have the judgment modified so that the amount of the judgment shall be reduced to an amount equal to the greater of $50.00 or $50.00 plus 100 percent of the amount by which the garnishee was indebted to the defendant from the time of service of the summons of garnishment through and including the last day on which a timely answer could have been made. . . . Notice to the garnishee by certified mail shall be sufficient notice as required in this Code sec-

tion. On the trial of the motion, the burden of proof shall be upon any plaintiff who objects to the timeliness of the motion to establish that the motion was not filed within the time provided for by this Code section."

Five Star contends the court erred by denying its motion because the statute requires receipt of actual notice of the default judgment, and none was received until September 1, 1992, when the postjudgment interrogatories were personally served. It argues that although a different statute, OCGA § 18-4-64 (a) (2), which governs notice to the *debtor* of the issuance of the summons of garnishment, provides that the debtor's refusal to accept notice sent by certified mail is deemed to satisfy the notice requirement, OCGA § 18-4-91 includes no such provision, and its absence must be construed as an indication that a garnishee's refusal of the notice does not satisfy the statute's requirement of "actual notice."

Where no proceeding is pending between the parties at the time a notice is required to be given, due process requires personal service of the notice. *Henry v. Hiawassee Land Co.*, 246 Ga. 87, 88-89 (269 SE2d 2) (1980). Thus, initiation of garnishment proceedings must be accomplished with personal service of the summons of garnishment upon the garnishee. OCGA § 18-4-62 (a). Default judgment may be taken against the garnishee if the garnishee fails or refuses to file an answer 60 days after having been personally served with the summons. OCGA § 18-4-90. Notice to the garnishee by certified mail of the entry of a default judgment is "sufficient notice as required in this Code section." OCGA § 18-4-91.

Having been personally served at the outset of the proceeding, and default judgment having been entered only by virtue of the garnishee's failure or refusal to respond in appropriate fashion, this provision does not offend the requirement of due process.

In some instances, particular statutes or contracts mandating notice are not complied with unless or until the notice is actually received. See, e.g., *Hamilton v. Edwards*, 245 Ga. 810 (267 SE2d 246) (1980) (notice of change in tax assessment); *Menke v. First Nat. Bank*, 168 Ga. App. 495, 498-500 (1) (309 SE2d 835) (1983) (acceleration notice in promissory note). In various other contexts, however, it is unnecessary to show receipt; failure to accept registered or certified mail is equivalent to receipt, given proper addressing and mailing. See, e.g., *McCollum v. Pope*, 261 Ga. 835 (411 SE2d 874) (1992) (actual receipt of OCGA § 44-14-162.2 notice of initiation of proceedings to exercise the power of sale in a mortgage, security deed, or other lien contract is immaterial); *Crenshaw v. Ga. Underwriting Assn.*, 202 Ga. App. 610, 611 (414 SE2d 915) (1992) (certified letter from trial court notifying attorney of costs for preparing record on appeal sent to most recent address and returned "unclaimed" deemed received);

*Hill v. Fed. Employees Credit Union*, 193 Ga. App. 44, 45-46 (2) (b) (386 SE2d 874) (1989) (debtor need not actually receive notice required under OCGA § 10-1-36 before sale of repossessed motor vehicle, and debtor "may not evade notification by refusing to accept certified mail"); *King v. State*, 179 Ga. App. 184 (345 SE2d 902) (1986) (evidence that Department of Public Safety mailed OCGA § 40-5-58 notice of habitual violator status certified mail return receipt requested to last known address is prima facie evidence that notice was received despite absence of signature of addressee on receipt); *Williams v. Runion*, 173 Ga. App. 54, 59-60 (5) (325 SE2d 441) (1984) (service of OCGA § 51-12-14 notice of claim for interest on unliquidated damages complete upon proper mailing; receipt not required).

In determining whether notice required under a specific statute must be received, the language of the particular statute in issue must be interpreted in accordance with recognized principles of construction, in each case keeping in mind that the cardinal rule is to seek diligently the intention of the legislature and effectuate the statute's purpose. Statutes must be construed as well so as to square with common sense and sound reasoning. " 'It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature.' . . . [Cit.]" (Emphasis omitted.) *General Elec. &c. Corp. v. Brooks*, 242 Ga. 109, 112 (249 SE2d 596) (1978).

In addition to authorizing a plaintiff's use of an inexpensive, efficient means of notifying a garnishee of the entry of a default judgment, OCGA § 18-4-91 is clearly a remedial statute. It provides a second chance for a garnishee who, having been personally served with a summons of garnishment, ignored its call for an answer. A limited window of opportunity is afforded such a garnishee through which it can reduce a debt imposed by its initial inaction.

We conclude that it was not the legislature's intention to allow such a garnishee to unilaterally enlarge the statutory window simply by repeating its failure to act and ignoring the notice. Such a construction would make the certified mail method of notice dependent on a defaulting garnishee's diligence in retrieving the mail. It would also penalize a plaintiff who has faithfully followed the procedure for notice set forth in the statute. The procedure, having been rejected by the garnishee, would have to be abandoned and another more costly method utilized. Delay would work to the garnishee's advantage. We hold, therefore, that when the garnishee fails or refuses to claim a notice by certified mail given under OCGA § 18-4-91, the 60-day period in which the garnishee may move for modification of a default judgment begins to run on the date of the first attempted delivery of such notice, provided the notice is correctly addressed and contains

adequate postage.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 24, 1993.

*Porter & Doster, Sidney R. Barrett, Jr.*, for appellant.
*Ronald W. Parnell*, for appellee.