A95A2619. MALEY v. VANCRONKITE et al.
(467 SE2d 351)

ANDREWS, Judge.

We granted this discretionary appeal to determine whether the state court erred in modifying a default judgment against Specialty Atlanta, Inc., for garnishment of VanCronkite's salary. We find that it did and reverse.

Maley obtained the default judgment against Specialty Atlanta on January 5, 1995. Specialty Atlanta received notice of the default judgment on January 11, 1995, and moved to modify the default judgment on February 22, 1995, well within the 60-day limit imposed by OCGA § 18-4-91. However, Specialty Atlanta did not pay accrued costs until April 24, 1995, more than 90 days after receiving notice of

the default judgment.

1. Maley contends that Specialty Atlanta failed to comply with the requirements of OCGA § 18-4-91 because it did not pay accrued costs into court at the time it filed its motion to modify the default judgment. OCGA § 18-4-91 states: "When a judgment is rendered against a garnishee under Code Section 18-4-90, on a motion filed not later than 60 days from the date the garnishee receives actual notice of the entry of the judgment against him, he may, upon payment of all accrued costs of court, have the judgment modified. . . ."

Maley contends that OCGA § 18-4-91 requires that both the motion to modify and the payment of accrued costs must occur within the 60-day period. Maley supports her argument by citing *Hazzard v. Phillips*, 249 Ga. 24 (287 SE2d 191) (1982), which deals with a different Code Section, OCGA § 9-11-55. *Hazzard* holds that "[f]ull payment of costs is a condition precedent to opening a default." Id. at 25.

Specialty Atlanta contends that only the motion to modify must be made within the 60 days, while the payment of costs is merely required at some time before the court modifies the default judgment. But, case law does not support this position. *Marler Oil Co. v. C & S Bank of Milledgeville*, 153 Ga. App. 186 (265 SE2d 58) (1980), is directly on point. In *Marler*, we found that, although the appellant-garnishee filed its motion for relief within the 60-day period, it did not tender the accrued costs until 80 days after receiving actual notice, and therefore, the trial court correctly denied the garnishee's motion to modify the default judgment. Id. at 186. See also *Cartwright v. Alpha Transp. Svc.*, 159 Ga. App. 296, 298 (283 SE2d 282) (1981), rev'd on other grounds, 248 Ga. 701 (285 SE2d 713) (1982) (trial court did not err in denying motion to modify default judgment because garnishee failed to pay accrued costs within the required 60-day period). In *J.E.E.H. Enterprises v. Montgomery Ward & Co.*, 172 Ga. App. 58 (321 SE2d 800) (1984), this Court found that "[t]he language of the statute is plain and unequivocal language and permits of no other reasonable construction than that payment of all accrued costs is a prerequisite to bringing the motion to modify [a default judgment of garnishment]." Id. at 59. Webster's Dictionary defines "prerequisite" as: "required beforehand; necessary as a preliminary condition." Webster's Third New International Dictionary, p. 1791 (1981). Thus, in light of this court's holding that payment of costs is a prerequisite to bringing the motion to modify, Specialty Atlanta's argument that it must pay costs only at some time prior to when judgment is rendered must fail. Accordingly, the trial court erred in finding that Specialty Atlanta complied with the requirements of OCGA § 18-4-91.

2. Because of our holding in Division 1, we do not address the remaining enumeration of error.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 25, 1996 — 

*England & McKnight, Robert H. McKnight, Jr.,* for appellant.
*Gandy, Rice & Sundberg, L. Spencer Gandy, Jr.,* for appellees.