A97A2030. BRASSELL v. COVENTRY HOLDING GROUP, INC.
(492 SE2d 687)

JOHNSON, Judge.

In *Five Star Steel Contractors v. Colonial Credit Union*, 208 Ga. App. 694 (431 SE2d 712) (1993), this Court held: "[W]hen the garnishee fails or refuses to claim a notice by certified mail given under OCGA § 18-4-91, the 60-day period in which the garnishee may move for modification of a default judgment begins to run on the date of the first attempted delivery of such notice, provided the notice is correctly addressed and contains adequate postage." Id. at 696-697. In granting this discretionary appeal, we look again at OCGA § 18-4-91 and hold that the 60-day period in which the garnishee may move for modification of a default judgment also begins to run on the date an agent of the addressee signs for the certified mail notice.

Roberta Brassell obtained a judgment against Coventry Holding Group, Inc. and Daniel Willis, jointly and severally, for actual and punitive damages in a malicious prosecution case. The judgment was affirmed on appeal. See *Willis v. Brassell*, 220 Ga. App. 348 (469 SE2d 733) (1996). In an effort to collect her judgment, Brassell filed two garnishment actions. This appeal arises out of a garnishment action filed against Coventry Holding Group, naming Coventry, Ltd., as garnishee.

On November 20, 1996, a default judgment was entered in the amount of $91,026 against Coventry, Ltd. On that same day, the Clerk of the DeKalb State Court sent, by first class mail, a copy of the judgment to Brassell's counsel and to Coventry, Ltd. in care of its registered agent, Michael Cress. Cress' registered address with the Georgia Secretary of State's office is 2625 Cumberland Parkway, Suite 400, Atlanta, Georgia 30339. This address is also that of the accounting firm of Gross, Collins & Cress. Cress was a partner in that firm, but is now retired. While he no longer maintains an office at that location, Cress is aware that mail comes to him at that address, and he continues to pick up mail addressed to him there.

On November 22, 1996, Brassell's counsel sent, by certified mail, a copy of the default judgment to Cress. The envelope was incorrectly addressed to Cress at "625 Cumberland Parkway" instead of "2625 Cumberland Parkway." The address error had no effect on delivery, however, and on November 25, 1996, the certified letter was picked up and signed for by a courier service and delivered to Cress' address. Cress received the default judgment when he picked up his mail on December 16, 1996.

On February 13, 1997, within 60 days of December 16, 1996, but not of November 25, 1996, Coventry, Ltd. filed a motion to modify the default judgment. In modifying the default judgment, the trial court found that because there was no evidence that Cress refused delivery of the certified letter containing the default judgment or that he otherwise avoided receipt of the letter, the *Five Star Steel* case cited above was inapplicable. It further ruled that the 60-day period did not begin to run until Cress personally picked up the letter on December 16, 1996. The trial court also found that Coventry, Ltd. held no property of Coventry Holding Group and, therefore, would have owed no money in connection with the garnishment proceeding but for the default judgment.

Although, as the trial court noted, there is no evidence that Cress was attempting to avoid receiving notice of the default, the trial court's decision ignores the rationale behind the *Five Star Steel* opinion. Specifically, "OCGA § 18-4-91 is clearly a remedial statute. It provides a second chance for a garnishee who, having been personally served with a summons of garnishment, ignored its call for an

answer. A limited window of opportunity is afforded such a garnishee through which it can reduce a debt imposed by its initial inaction. . . . We conclude that it was not the legislature's intention to allow such a garnishee to unilaterally enlarge the statutory window simply by repeating its failure to act and ignoring the notice. *Such a construction would make the certified mail method of notice dependent on a defaulting garnishee's diligence in retrieving the mail.* It would also penalize a plaintiff who has faithfully followed the procedure for notice set forth in the statute. The procedure, having been rejected by the garnishee, would have to be abandoned and another more costly method utilized. Delay would work to the garnishee's advantage." (Emphasis supplied.) Id. at 696. In this case, Cress' failure to check his mail on a regular basis should not be rewarded with an extension of the statutory window within which Coventry, Ltd. can seek to modify the default. We note that Coventry, Ltd. had more than a month from the date Cress picked up the letter in which to timely file its motion, but it failed to do so. Brassell obtained a judgment, filed a garnishment, obtained a default judgment in the garnishment proceeding, and gave proper statutory notice thereof. Accordingly, the facts of this case are controlled by this court's ruling in *Five Star Steel,* supra. The trial court erred in considering the motion to modify the default judgment.

*Judgment reversed. Pope, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 1, 1997 —
RECONSIDERATION DENIED OCTOBER 16, 1997 — 

*Cashin, Morton & Mullins, Harry L. Cashin, Jr., James M. Sherman, O'Neal, Brown & Sizemore, Manley F. Brown, John C. Clark,* for appellant.

*Mitchell & Shapiro, Kenneth A. Shapiro,* for appellee.