A10A1832. W. RAY CAMP, INC. v. CAVALRY PORTFOLIO SERVICES, LLC.

(708 SE2d 560)

BARNES, Presiding Judge.

W. Ray Camp, Inc. ("Camp") appeals from the denial of its motion for relief from a default judgment. It asserts as error the trial court's finding that Camp had actual notice of the entry of judgment against it as required by OCGA § 18-4-91. Following our review, and upon finding that the notice requirement of OCGA § 18-4-91 was satisfied, we affirm.

The relevant facts below establish that in August 2008, Cavalry Portfolio Services, LLC ("Cavalry") obtained a default judgment for $27,799 when Camp failed to answer a summons and continuing garnishment. On January 12, 2009, Camp filed a motion for relief from the default judgment pursuant to OCGA § 18-4-91, seeking to have the default judgment modified and paying accrued court costs of $2,451.87.

OCGA § 18-4-91 permits a garnishee to seek relief from a default judgment by filing a motion within 60 days from receiving notice of the judgment and paying all court costs. The garnishee may have the judgment modified based on the amount of the debtor's money or property that came into the garnishee's possession from the time the garnishment was served until the last day on which an answer could

have been made.[1]

Cavalry responded that Camp's motion was untimely because it was filed outside the statutory 60-day period after Camp received notice of the judgment. The trial court held an evidentiary hearing to establish when Camp received actual notice of the default judgment. At the hearing, Camp argued that its first notice of the default judgment was on December 26, 2008 when it received a letter from Cavalry's attorney. The letter stated in part that Cavalry had "obtained judgment against [Camp]" and was "entitled to levy the business assets and property on behalf of [Cavalry]." Camp filed its motion for relief from the judgment on January 12, 2009, which Camp asserted was well within the statutorily prescribed period of 60 days after its first notice of the default judgment against it.

Cavalry responded that on October 6, 2008, it transmitted a copy of the judgment to Camp via certified mail, return receipt requested, and the judgment was received by Camp on October 9, 2008. The return receipt reflected that it was signed by an employee at Camp's business address. Camp acknowledged that it received the October 9 document, but argued that because the stamped "filed" date on the judgment was illegible the mailing did not constitute actual notice of the *entry* of judgment, as required by OCGA § 18-4-91. It asserted that the faint, illegible "filed" stamp did not provide actual notice that the judgment had been filed with the clerk of court. The judge denied Camp's motion without explanation, and following this Court's grant of Camp's application for discretionary review, it appeals.

OCGA § 9-11-58 (b) provides that "[t]he filing with the clerk of a judgment, signed by the judge, . . . constitutes the entry of the judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of the same. . . ." Similarly, OCGA § 5-6-31 provides "[t]he filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of [the appellate practice act]." Notice to the garnishee by certified mail of the entry of a default judgment is "sufficient notice as required in this Code section." OCGA § 18-4-91.

---

[1] When a judgment is rendered against a garnishee, . . . on a motion filed not later than 60 days from the date the garnishee receives actual notice of the entry of the judgment against him, he may, upon payment of all accrued costs of court, have the judgment modified so that the amount of the judgment shall be reduced to an amount equal to the greater of $50.00 or $50.00 plus 100 percent of the amount by which the garnishee was indebted to the defendant from the time of service of the summons of garnishment through and including the last day on which a timely answer could have been made for all money . . . belonging to the [debtor] which came into the garnishee's hands [during that] time. OCGA § 18-4-91.

Here, the copy of the judgment Camp received is dated August 26, 2008 and is signed by the state court judge. There are initials beside the judge's signature and the word "ok." The file stamp is not legible at all, although there are what appear to be ink remnants of the stamp near the bottom of the order. On the original order, which is included in the record, the stamp, "filed in office Aug 28, 2008," is traced over the ghost markings in ink. There is no argument that the order was actually filed. The only issue is whether the photocopy of the document that Camp received with ghost markings of the file stamp provided actual notice of the default judgment per OCGA § 18-4-91, sufficient to put Camp on notice that the 60-day statutory period in which it could seek to modify the judgment was running.

When the issue is a question of law, "we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000). Per OCGA §§ 9-11-58 (b) and 5-6-31, the entry of judgment occurs when it is signed by the judge and filed by the clerk, both of which happened in this case. With regard to the actual notice requirement, we have held that

> [i]n determining whether notice required under a specific statute must be received, the language of the particular statute in issue must be interpreted in accordance with recognized principles of construction, in each case keeping in mind that the cardinal rule is to seek diligently the intention of the legislature and effectuate the statute's purpose. Statutes must be construed as well so as to square with common sense and sound reasoning. It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature.

(Citation and punctuation omitted.) *Five Star Steel Contractors v. Colonial Credit Union*, 208 Ga. App. 694, 696 (431 SE2d 712) (1993). In analyzing the notice requirement of OCGA § 18-4-91, we note that in addition to authorizing a plaintiff's use of an inexpensive, efficient means of notifying a garnishee of the entry of a default judgment — certified mail — the statute is clearly remedial.

> It provides a second chance for a garnishee who, having been personally served with a summons of garnishment, ignored its call for an answer. A limited window of opportunity is afforded such a garnishee through which it can reduce a debt imposed by its initial inaction.

*Five Star*, 208 Ga. App. at 696.

In *Five Star* we found that a garnishee receives actual notice of the default judgment even if it "fails or refuses to claim a notice by certified mail given under OCGA § 18-4-91." Id. at 696. We held that "the 60-day period in which the garnishee may move for modification of a default judgment begins to run on the date of the first attempted delivery of such notice, provided the notice is correctly addressed and contains adequate postage." Id. at 696-697. Similarly in *Brassell v. Coventry Holding Group*, 228 Ga. App. 827 (492 SE2d 687) (1997), we held that per OCGA § 18-4-91, "the 60-day period in which the garnishee may move for modification of a default judgment also begins to run on the date an agent of the addressee signs for the certified mail notice."

So too here, we will not enlarge the statutory window contemplated in OCGA § 18-4-91 to include inquiries into the legibility of the file stamp. The record reflects that the default judgment was sent by certified mail to Camp at the correct business address, and a certified mail return receipt reflects that it was signed by Camp's agent on October 9, 2008, which is when the 60-day period within which Camp was entitled to petition the court to modify the default judgment began running. It did not file such a motion until January 12, 2009, well outside the 60-day window. No further inquiry into the actual notice is required in this case.

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED MARCH 22, 2011.

*William W. Broadfoot III*, for appellant.
*Sherwin P. Robin*, for appellee.