**THIRD DIVISION**
**GOBEIL,**
**COOMER, and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 14, 2019**

# In the Court of Appeals of Georgia

A18A1899. PRINCIPAL LIEN SERVICES, LLC v. KIMEX BOAT
      ROCK 1183, LLC.

COOMER, Judge.

Principal Lien Services, LLC appeals from the trial court's order modifying a default garnishment judgment it obtained against Kimex Boat Rock 1183, LLC. Because we find that the trial court properly modified the default garnishment in accordance with OCGA § 18-4-24, we affirm its judgment.[1]

The relevant facts below show that Principal Lien Services, LLC ("PLS") obtained a default judgment against Kimex Boat Rock 1183, LLC ("Kimex") in the amount of $163,576.30 on November 29, 2017, after Kimex failed to answer a

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of considering the case en banc.

summons and continuing garnishment. Kimex was served with the default judgment on December 7, 2017. On January 29, 2018, Kimex filed its "Motion to Void or Modify Default Judgment," stating that it had confirmed with the clerk of court that there were no outstanding court costs, that it had no relationship with the plaintiff or defendant in the case, and that it was improperly named as a garnishee. Kimex requested that the trial court modify the default judgment, reducing it to $50, in accordance with OCGA § 18-4-24.

Pursuant to OCGA § 18-4-24 (a),

[o]n a motion filed not later than 90 days from the date the garnishee was served with such default judgment, the garnishee may, upon payment of all accrued costs of court, have such default judgment modified so that the amount of such default judgment shall be reduced to an amount equal to the greater of $50.00 or $50.00 plus 100 percent of the amount by which the garnishee was indebted to the defendant from the time of service of the summons of garnishment through and including the last day on which a timely garnishee answer could have been made for all money or other property belonging to the defendant which came into the garnishee's hands from the time of service of the summons through and including the last day on which a timely answer could have been made and less any exemption allowed the defendant.

2

It is undisputed that Kimex filed the motion and paid the accrued court costs within 90 days of service of the default judgment. In fact, the record shows that Kimex paid the court costs on the 90th day prior to the entry of the court's order modifying the judgment. The issue on appeal is whether OCGA § 18-4-24 requires the payment of court costs *before* the filing of a motion to modify, which PLS argues in it appellate brief. In its reply brief, however, PLS reshapes its argument a bit, arguing that the court costs must be paid before the statutory 90-day deadline, which in this case, fell on the same day as the trial.

The trial court set a trial date of February 20, 2018, which was later reset to March 6, 2018. On February 26, 2018, PLS filed its traverse and reply to Kimex's motion and a motion to dismiss for insufficiency of service of process, in which it argued, among other things, that Kimex did not meet the statutory prerequisites set forth in OCGA § 18-4-24. On the 90th day from service on Kimex, the trial court held a trial. PLS's counsel abandoned the insufficient service argument but maintained that Kimex had not paid court costs, which amounted to $303 in filing fees. Kimex's counsel stated on record that no costs had been paid because the clerk had indicated that none were pending. The trial court proceeded to take evidence on Kimex's

3

motion for attorney's fees, and then took the matter under advisement. On the same day at 12:54 p.m., Kimex paid the court costs and filed its notice of payment.

Later that day at 3:36 p.m., the trial court, unaware that the costs had already been paid, entered its judgment modifying the default judgment and gave Kimex until March 11, 2018, to pay the court costs, erroneously calculating that March 11th was the 90th day from the service of the default judgment on Kimex. PLS filed an application for discretionary appeal challenging the trial court's order, which this Court granted.

1. PLS first argues that the trial court erred by allowing the garnishee to pay the court costs after the trial because payment of court costs is a prerequisite to filing a motion to modify. The statute at issue, OCGA § 18-4-24, became effective on May 12, 2016, as a part of a new statutory scheme concerning garnishments, codified at OCGA § 18-4-1 et seq. *See Marks v. Soles*, 339 Ga. App. 380, 387-399 (4) (a) (793 SE2d 587) (2016). PLS argues that for that reason, we must look to our courts' interpretation of the predecessor statute, OCGA § 18-4-91, to determine whether court costs must be filed before the motion to modify. The predecessor statute utilizes the same language regarding the payment of costs but sets a 60-day time limit for filing a motion, as opposed to the 90-day period afforded by the current statute.

4

OCGA § 18-4-91 provided, in pertinent part, "on a motion filed not later than 60 days from the date the garnishees receives actual notice of the entry of the judgment against the garnishee, the garnishee may, upon payment of all accrued costs of court, have the judgment modified."

In some of the cases addressing this issue, we have held that the payment of accrued courts costs is a prerequisite to filing a motion to modify judgment, while in others, we have found that the costs must simply be paid within the time frame provided in the statute. The statement that the payment of costs is a "prerequisite" to filing a motion to modify originated in *J.E.E.H. Enterprises, Inc. v. Montgomery Ward & Co.*, 172 Ga. App. 58, 58 (1) (321 SE2d 800) (1984), a case in which the garnishee completely failed to pay accrued court costs. *Id.* at 58. In support of its ruling, this Court cited two cases. In *Marler Oil Co. v. Citizens & Southern Bank*, 153 Ga. App. 186 (265 SE2d 58) (1980), one of the cases cited, we affirmed the denial of the timely filed motion to modify because accrued costs were paid 20 days after the statutory period expired.[2] In the other, *Boston Sea Party v. Bryant &c. Co.*, 146 Ga. App. 294, 296 (3) (246 SE2d 350) (1978), we affirmed the denial of the motion

---

[2] *See also Maley v. VanCronkite*, 220 Ga. App. 21, 22 (1) (467 SE2d 351) (1996), which relied on *Marler*, supra (where costs were paid 30 days after the 60-day statutory period expired).

5

because "garnishee has presented no evidence that it has satisfied the statutory prerequisite of payment of accrued cost of court," or other statutory requirements. *See also Cartwright v. Alpha Transportation Svc., Inc.*, 159 Ga. App. 296, 298 (283 SE2d 282) (1981), *rev'd on other grounds*, 248 Ga. 701 (285 SE2d 713) (1982) (denying motion to modify default judgment proper where garnishee failed to pay accrued costs). None of the aforementioned cases involved facts analogous to the instant case wherein both the motion to modify and the payment of accrued costs occurred within the statutory time period. In a more factually analogous case, *Jova Daniels Busby, Inc. v. Greenforest Community Baptist Church, Inc.*, 240 Ga. App. 419, 420 (523 SE2d 629) (1999), we reversed the denial of a motion to modify because the trial court failed to conduct a hearing on the merits of the garnishment action, but we noted that the garnishee "paid all court costs within 60 days of receiving notice of the default judgment." Because we have not yet expressly addressed this issue under the factual scenario presented herein, the filing of the motion and subsequent payment court costs all within the statutory period, we must turn to statutory construction to assist in our analysis.

> The cardinal rule of statutory construction requires this Court to
> look diligently for the intention of the General Assembly, and the golden

6

rule of statutory construction requires us to follow the literal language of the statute unless it produces contradiction, absurdity, or such an inconvenience as to insure that the legislature meant something else.

*Judicial Council of Georgia v. Brown & Gallo, LLC*, 288 Ga. 294, 296-297 (702 SE2d 894) (2010) (citations and punctuation omitted.) *See also Carringer v. Rodgers*, 276 Ga. 359, 363 (578 SE2d 841) (2003). Under the rules of statutory construction, "we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." *Major v. State*, 301 Ga. 147, 149 (1) (800 SE2d 348) (2017) (citation omitted). When a statute's text is "clear and unambiguous," this Court will "attribute to the statute its plain meaning" and the search for statutory meaning will end. *Id.* at 150 (citation omitted).

Although, as stated above, we have at times interpreted the statute to mean that costs must be paid before the filing of the motion, the language of the statute does not demand that conclusion. Again, OCGA § 18-4-24, in pertinent part, provides "on a motion filed not later than 90 days from the date the garnishee was served with such default judgment, the garnishee may, upon payment of all accrued costs of court, have

7

such default judgment modified." Thus, under the plain language of the statute, a garnishee is not entitled to the relief it seeks (an order modifying the default judgment) unless and until it has paid all accrued costs.

We have explained that the predecessor statute, OCGA § 18-4-91, which is mirrored by the current statute, OCGA § 18-4-24, "is clearly remedial. It provides a second chance for a garnishee who, having been personally served with a summons of garnishment, ignored its call for an answer. A limited window of opportunity is afforded such a garnishee through which it can reduce a debt imposed by its initial inaction." *W. Ray Camp, Inc. v. Cavalry Portfolio Svcs.*, 308 Ga. App. 597, 599 (708 SE2d 560) (2011), citing *Five Star Steel Contractors v. Colonial Credit Union*, 208 Ga. App. 694, 696 (431 SE2d 712) (1993).

In light of the statute's purpose, as long as the garnishee files the motion and pays the accrued costs within the statutory period allowed and prior to the court's ruling on the motion, it should not lose the benefit of the window created by the statute to allow it to reduce its debt. OCGA § 18-4-24 requires both the timely filing of a motion to modify and the payment of accrued costs as statutory prerequisites to modification of the default judgment. We now clarify that the statute does not require the payment of costs before the filing of the motion. Therefore, to the extent that

8

*J.E.E.H. Enterprises, Inc.*, 172 Ga. App. at 58 (1), *Marler Oil Co. v. Citizens & Southern Bank*, 153 Ga. App. at 186, *Boston Sea Party*, 146 Ga. App. at 296 (3), and *Maley*, 220 Ga. App. at 22 (1) can be construed to require the payment of costs as a prerequisite to the actual filing of a motion to modify a default judgment in a garnishment case, they are disapproved.

This reading of the statute is supported by case law interpreting OCGA § 9-11-55 (b), which sets forth the requirements for moving to open a default where the time to reopen as of right has expired. OCGA § 9-11-55 contains similar language to that found in OCGA § 18-4-24, with subsection (b) providing:

> At any time before final judgment, the court, in its discretion, *upon payment of costs*, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable negliect or where the judge, from all the facts, shall determine that a proper case has been make for the default to be opened, on terms to be fixed by the court.

OCGA § 9-11-55 (b) (emphasis supplied). In interpreting this language, our Supreme Court specifically rejected the argument that a movant must pay the required costs at the time it moves to open the default under subsection (b). *McCracken v. College Park*, 259 Ga. 490, 490-491 (1) (384 SE2d 648) (1989). Instead, the court found that

9

"the movant is only required to pay costs before the order granting the motion is entered." *Id.* at 491 (1). *See also Copeland v. Carter*, 247 Ga. 542, 542 (1) (277 SE2d 500) (1981) (trial court did not abuse its discretion in opening default where movant paid costs after filing a motion to open default and the hearing on that motion but "prior to the grant of said motion"); *Suntrust Bank, S. Georgia, N. a. v. Perry*, 233 Ga. App. 701, 702 (505 SE2d 230) (1998) (same).

PLS argues that the payment of costs is a matter of abatement and a jurisdictional prerequisite as it is under OCGA § 9-11-41 (d). We disagree and note that the very language of OCGA § 9-11-41 (d) establishes that the legislature intended the payment of accrued costs to be a prerequisite to commencement of an action. That statute reads "[i]f a plaintiff who has dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the plaintiff shall *first* pay the court costs of the action previously dismissed." *Id.* (emphasis added.) Had the legislature intended the same meaning when it enacted OCGA § 18-4-24, as well as its predecessor, it could have done so, as it did in OCGA § 9-11-41 (d).

2. In its next three enumerations of error, PLS raises procedural arguments that do not warrant a result different from that reached by the trial court. PLS argues that

10

the trial court erred in issuing a judgment reducing the 30-day statutory time period to file an application for discretionary appeal since it gave Kimex until March 11, 2018, to pay court costs. Because the costs were paid on March 6, 2018, and the application was timely filed and granted, this argument is moot. Next, PLS argues that the trial court erred by supplementing the record with evidence that was not admitted at trial, specifically the proof of payment of the costs. This argument, too, provides no basis for relief since the costs were timely paid prior to the entry of the court's order, proof of payment was entered into the record when it was filed with the court, and the trial judge did not consider the proof of payment when it issued its order. . Lastly, PLS argues that the trial court erred because it allowed the garnishee to pay the court costs beyond the 90-day statutory time limit. PLS is correct that the trial court was not authorized to extend the time to pay the court costs beyond the 90-day period, and had Kimex paid the costs one day later, the outcome here would be different, for reasons fully discussed in Division 1. Nonetheless, a judgment that is right for any reason will be affirmed on appeal. *See Reed v. Reed*, 295 Ga. 574, 578 (2) (761 SE2d 326) (2014). Accordingly, the trial court properly modified the judgment since Kimex filed its motion to modify and paid the accrued court costs before the 90-day statutory period expired and prior to the entry of the court's order.

*Judgment affirmed. Gobeil and Hodges, JJ. concur.*