### 33060. WILSON et al. v. PASSMORE.

HALL, Justice.

Appellants filed suit in equity to enjoin a garnishment based on a default judgment rendered against them in Fulton Superior Court, and to secure additional relief from that judgment, allegedly entered without service of process. The trial court rendered judgment against them in this suit on two grounds: (1) insufficient evidence of a good defense to the original suit; and (2) laches in challenging the default judgment.

1. We first consider the question of laches. There was no evidence to support this finding, since there was no proof of any harm caused by the delay. See Code § 37-119;

*Clover Realty Co. v. J. L. Todd Auction Co.,* 240 Ga. 124, 126 (239 SE2d 682) (1977); *Hodges v. Libbey,* 224 Ga. 509, 510 (162 SE2d 716) (1968).

Appellee urges that we affirm this ruling despite the lack of evidence, for two reasons. First, he alleges that appellants acquiesced in the trial court's finding of laches when appellants' attorney discussed the issue with the judge during the trial. We do not interpret the statements of counsel as an acquiescence in a finding of laches, which would result in a judgment against his clients despite the lack of evidence.

Second, appellee urges that the failure to separately enumerate as error the finding of laches, and the failure to argue this issue in appellants' main brief, requires us to affirm. The enumeration of error was adequate to encompass both findings of the trial court, and appellants have argued the issue of laches in a supplemental brief; therefore the issue was not abandoned.

2. The trial court also found that appellants' evidence was insufficient to make out a good defense to the original suit under Code § 37-220. This is not an adequate basis for rendering judgment against appellants.

Appellants contended from the beginning of this suit that there had been no service of process on them in the earlier suit, thus this judgment could be void for lack of personal jurisdiction. This contention is not governed by Code § 37-220, but rather by §§ 81A-160 (e) and 110-709, as we discussed in Division 3 of *Canal Ins. Co. v. Cambron,* 240 Ga. 708 (1978). It is clear that the trial court did not consider whether appellants had proven that there was no service of process, even though there was evidence of a failure to serve appellants.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 10, 1978 — DECIDED FEBRUARY 7, 1978.

*Scott Walters, Jr.,* for appellants.
*Graham Thorpe,* for appellee.