A99A1098. JOVA DANIELS BUSBY, INC. v. GREENFOREST
COMMUNITY BAPTIST CHURCH, INC.
(523 SE2d 629)

PHIPPS, Judge.

The Georgia Constitution protects all persons from deprivation of property without due process of law. That protection extends to a judgment creditor seeking to enforce its judgment by garnishing a third party holding assets of the debtor. The garnishee here, Greenforest Community Baptist Church, sought relief from a default judgment entered in favor of the garnishor, Jova Daniels Busby, Inc. (JDB). We must determine if the trial court erred by modifying the default judgment without conducting a hearing on the substance of the motion for relief from judgment. Because we find the court's action deprived the garnishor of due process, we reverse and remand for an appropriate hearing.

JDB obtained a judgment against MST International in the amount of $119,324.43. JDB sought to collect that judgment by garnishing money allegedly owed to MST by Greenforest. When Greenforest failed to answer the summons of garnishment within 45 days of service, JDB sought and obtained a default judgment against Greenforest in the amount of $119,324.43, plus interest. Greenforest received notice of the default judgment on May 22, 1998.

OCGA § 18-4-91 allows a garnishee to seek relief from a default judgment by filing a motion within 60 days from receiving notice of the judgment and paying all court costs. By this procedure, the garnishee may have the judgment reduced to $50 or more based on the amount of the debtor's money or property that came into the garnishee's possession from the time the garnishment was served until the date the answer was due.

On June 9, 1998, Greenforest filed a motion to set aside the default judgment on the grounds it was not aware of any indebtedness to MST and had no money or effects belonging to MST in its pos-

session or control. Greenforest submitted a supporting affidavit with its motion. Greenforest also paid all court costs within 60 days of receiving notice of the default judgment.

JDB opposed Greenforest's motion with an affidavit stating that Greenforest owed MST $23,270, plus interest, and a copy of the contract forming the basis for the debt. The judge conducted a hearing on Greenforest's motion, but limited argument to the statutory grounds for a motion to open or set aside a judgment: (1) excusable neglect in failing to respond timely to the garnishment summons and (2) fraud, accident or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant (OCGA §§ 9-11-55; 9-11-60 (d) (2)). At the conclusion of the hearing, the judge instructed the parties to file briefs supporting their positions on the procedural issues and indicated that she would conduct an additional hearing on substantive issues such as the amount owed MST by Greenforest.

Although both parties complied with the judge's instruction, JDB also submitted an additional affidavit stating that the amounts owed MST by Greenforest far exceeded $23,270. Prior to the court's ruling, Greenforest submitted an amended motion for relief from default judgment in which it specifically cited to OCGA § 18-4-91.

On December 1, 1998, the judge issued an order denying Greenforest's motion to set aside the default judgment but treating the original motion as one for relief from judgment under OCGA § 18-4-91. Based on Greenforest's affidavit that it owed nothing to MST and JDB's various affidavits regarding the amounts owed, the judge held that, at the time JDB filed the garnishment action, Greenforest was indebted to MST in the amount of $13,000. The judge modified the judgment to $13,050, plus costs, and denied as moot Greenforest's amended motion for relief from judgment.

JDB appeals the judge's actions in (1) construing the motion to set aside as a motion for relief from judgment under OCGA § 18-4-91 and (2) doing so without providing JDB an evidentiary hearing.

1. JDB contends that because Greenforest's initial motion was entitled "Motion to Set Aside Default Judgment," it cannot be reclassified as a motion for relief from judgment. Although there is no dispute that Greenforest's initial motion was filed within 60 days after receiving notice of the default judgment, JDB contends Greenforest is precluded from modifying the judgment because it failed to file a "Motion for Relief from Judgment" within the 60-day period.

Georgia courts must construe pleadings, motions and orders according to their substance and function and not merely as to their titles. *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997). Courts must also construe such documents in a manner consistent with the best interests of justice. Id. Greenforest's original

motion, although labeled a motion to set aside judgment, included the elements necessary for a motion for relief from judgment — a statement that Greenforest owed nothing to MST and had no money or effects of MST at the time — and was supported by an affidavit. Because we find that construing Greenforest's original motion as a motion for relief from judgment is consistent with the best interests of justice, we affirm that portion of the trial court's decision.

2. Prior to modifying the judgment, however, the judge should have conducted a hearing on the merits of the garnishment action. The statutory language recognizes the need for a hearing by specifically referring to "the trial of the motion" for relief from judgment. OCGA § 18-4-91. An evidentiary hearing would have allowed both parties to present their positions on the proper amount of the judgment and provided a proper basis for modifying the judgment.[1] Instead, the judge reviewed the affidavits submitted by the parties and modified the judgment to an amount found on an invoice from MST to Greenforest, which differed from the amounts claimed due by either party.

By failing to provide a hearing on the propriety of modifying the amount of the judgment, the judge deprived JDB of due process of law. See *Apex Supply Co. v. Johnny Long Homes*, 143 Ga. App. 699, 701 (2) (240 SE2d 171) (1977). Although *Apex Supply* interpreted the predecessor to OCGA § 18-4-91 (Code 1933, § 46-509), we find its reasoning equally applicable to the language of the current statute. We therefore reverse that portion of the judge's order modifying the judgment against Greenforest and remand for a hearing as required by OCGA § 18-4-91.

*Judgment affirmed in part, reversed in part, and case remanded. Barnes and Ellington, JJ., concur.*

DECIDED OCTOBER 19, 1999 — ■

*Shapiro, Fussell, Wedge, Smotherman & Martin, J. Ben Shapiro, Jr., George M. Kent, Jr.,* for appellant.
*Ernest N. Tate,* for appellee.

---

[1] In fact, both parties appeared at the hearing on the motion to set aside the judgment with witnesses able to testify regarding the proper amount of the judgment.