S11A0403. STAMEY et al. v. POLICEMEN'S PENSION FUND BOARD OF TRUSTEES.

(712 SE2d 825)

HINES, Justice.

Appellants Charles E. Stamey, Patricia A. Thurmond, Odell W. Sheriff, and Michael McCain ("Appellants") appeal the grant of summary judgment to the Policemen's Pension Fund Board of Trustees ("Board") in Appellants' action seeking a writ of mandamus and an award of damages. For the reasons that follow, we affirm.

Appellants are former sworn officers of the Atlanta Police Department who applied for and received disability pensions after injuries prevented them from continuing active service. While on disability, and without returning to active service, each reached the full retirement age, at which point their disability pensions were automatically converted to full retirement pensions under the City's 1978 Pension Act (the "Act"), which was used to calculate their pension benefits. As the Act read at the time each of the Appellants was last in active service, the monthly retirement pension benefit was calculated by multiplying the years of service by the highest three-year monthly average salary and then multiplying that figure by two percent.

In February 2001, while Appellants were receiving disability pensions, the Atlanta City Council increased the multiplier used in

calculating pensions from two percent to three percent. Ordinance 00-O-1099 (the "Ordinance"). The Ordinance as enacted provides that it "shall be applicable to all active sworn police officers employed as of the effective date of this ordinance." When Appellants reached full retirement age, none had returned to active service, and their pensions were calculated using the two percent multiplier rather than the three percent multiplier.

Appellants, in the Superior Court of DeKalb County, filed a petition for a writ of mandamus to compel the Pension Board to use the three percent multiplier in calculating their pension entitlements; the complaint included a plea for damages. The trial court granted a default judgment for Appellants; it later granted the Board's motion to set aside the default judgment. On May 13, 2010, the court granted the Board's motion for summary judgment.

1. Appellants contend that the trial court erred in setting aside the default judgment.[1] A default judgment may be set aside under the provisions of OCGA § 9-11-60 (d). "We review a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) for abuse of discretion. *Johnson v. Carrollton*, 249 Ga. 173 (288 SE2d 565) (1982)." *Moore v. Davidson*, 292 Ga. App. 57, 58 (663 SE2d 766) (2008). And here, there was no abuse of discretion, because the default judgment was entered despite the fact that the record disclosed that the Board timely answered the complaint.

The complaint was filed on July 18, 2006. On September 25, 2006, Appellants filed a "certificate of mailing," stating the Board had been "properly and timely served with a copy of the complaint" by certified mail on September 15, 2006. Under OCGA § 9-11-12 (a),[2] an answer to a complaint must be filed within 30 days of service. The Board's answer was filed on October 16, 2006, which was 31 days after service on September 15, 2006; however, because October 16, 2006 was a Monday and the 30th day after service fell on a Sunday,

---

[1] The Board contends that Appellants are foreclosed from arguing this enumeration of error because the order setting aside the default judgment was entered on December 10, 2009, and the notice of appeal was filed June 11, 2010, more than 30 days after December 10, 2009. See OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of. . . ."). Pretermitting any question of whether an order setting aside a default judgment is an "appealable decision or judgment," but see *Becker v. Bishop*, 151 Ga. App. 224 (259 SE2d 209) (1979), the notice of appeal was timely from the May 13, 2010 grant of summary judgment, and this appeal encompasses the order of December 10, 2009. See OCGA § 5-6-34 (d); *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980).

[2] OCGA § 9-11-12 (a) reads:

**When answer presented.** A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute. A cross-claim or counterclaim shall not require an answer, unless one is required by order of the court, and shall automatically stand denied.

under OCGA § 1-3-1 (d) (3),[3] the answer was timely.[4]

On January 15, 2008, Appellants filed with the trial court a motion for default judgment; the motion was signed by one of the plaintiffs, with the "expressed permission" of Appellants' counsel, but the motion was not served upon the Board. Appellants' brief in support of the motion for default judgment described the answer as filed on "the 31st day after service" and "after the 30 day period to respond under O.C.G.A. § 9-11-12 [(a)]"[5]; the brief did not note that the answer was filed on a Monday, or mention OCGA § 1-3-1 (d). On July 23, 2008, Appellants filed a "Second Request for a Default Judgment"; again, the motion was not physically signed by counsel, but by the same plaintiff as earlier, and again, no copy of the pleading was served upon the Board. After a hearing, at which the Board did not appear, the trial court entered a final order on July 27, 2009, granting judgment to all plaintiffs and setting forth a damage award as to each one.

On August 14, 2009, the Board filed a motion to set aside the default judgment under OCGA § 9-11-60 (d), or for new trial under OCGA § 9-11-60 (c), asserting a litany of bases for such relief,[6] among which was that the Board had, indeed, timely filed an answer to the complaint. After a hearing, the trial court entered an order on

---

[3] OCGA § 1-3-1 (d) (3) reads:
   **Computation of time.** Except as otherwise provided by time period computations specifically applying to other laws, when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty. When the last day prescribed for such action falls on a public and legal holiday as set forth in Code Section 1-4-1, the party having the privilege or duty shall have through the next business day to exercise the privilege or to discharge the duty. When the period of time prescribed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

[4] Nonetheless, apparently concerned that service of the complaint by mail was infirm, more than a year later, on November 16, 2007, Appellants filed an affidavit of service of process in which a certified process server averred that he had, on October 23, 2007, delivered a copy of the original complaint to the Board's "registered agent"; no corresponding pleading was filed with the trial court. The Board did not file any additional answer in response to this second service.

[5] During the 2009 hearing on the motion to set aside the default judgment, Appellants contended that the answer was "void on arrival," simply stating that it was 31 days after service.

[6] These included: res judicata, based upon the assertion that Appellants had filed six identical actions in other courts, at least three of which had been dismissed; lack of notice of the hearing for a default judgment, see OCGA § 9-11-6 (d); improper conduct by the plaintiff who filed the motions for default judgment and a corresponding failure to properly sign and file those pleadings, see OCGA §§ 9-11-11 (a), 15-19-51; and the asserted failure of the trial court to properly hear evidence regarding damages, see OCGA § 9-11-55 (a).

December 10, 2009, setting aside the default judgment. Such was not error.

OCGA § 9-11-60 (d) (3) authorizes a trial court to set aside a judgment based upon "[a] nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed." The record here affirmatively revealed that there was, in fact, no basis upon which to claim a default judgment; a timely answer had been entered.[7]

2. The trial court did not err in granting the Board summary judgment. Appellants would be entitled to a writ of mandamus directing the Board to apply a three percent multiplier to their pensions only if they could show that they had the " 'clear legal right to have the act performed. The law must not only authorize the act be done, but must require its performance.' [Cit.]" *Thomason v. Fulton County*, 284 Ga. 49, 50 (1) (663 SE2d 216) (2008). Appellants failed to demonstrate such a right. The certified copy of the Ordinance, adopted by the City Council on February 19, 2001, and approved by the Mayor on February 24, 2001, states that it "shall be applicable to all active sworn police officers employed as of the effective date of this ordinance." There was no evidence presented that Appellants were "active sworn police officers" on that date; in fact, it was alleged in the complaint that they were not.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 5, 2011.

*Timothy W. Boyd, Mark E. Scott*, for appellants.

---

[7] That the Board did not file a second answer when served with the duplicate complaint on November 16, 2007, does not render the Board in default. Multiple episodes of serving an identical complaint do not, without more, require multiple answers from a defendant. See *Trammel v. Bradberry*, 256 Ga. App. 412, 426 (9) (568 SE2d 715) (2002). Although, as Appellants note, the Board's answer stated as one of its eight affirmative defenses that service of process was improper, the Board did not file a special appearance, move to dismiss the complaint, or otherwise initiate a proceeding at which the Board would have borne the burden of proving improper service. See OCGA § 9-11-12 (b); *Wilkinson v. Udinsky*, 242 Ga. App. 464, 465 (1) (530 SE2d 215) (2000). At the hearing on the motion for default judgment, Appellants stated to the trial court that the Board "would not accept" service, but that is not the case; the letter from the Board's counsel to Appellants' counsel to which Appellants referred was not a refusal of service, but "a professional courtesy" that called into question the procedure of an individual plaintiff signing court documents.

[8] This resolution renders moot Appellants' enumerations of error regarding the trial court's ruling as to res judicata and other language in the trial court's order.

*Robert N. Godfrey, Kristi D. A. Matthews,* for appellee.