## A11A1989. LEWIS v. CAPITAL BANK.
(717 SE2d 481)

BLACKWELL, Judge.

Capital Bank secured a judgment against Sidney Lewis and then commenced garnishment proceedings in Catoosa County against Tommy Lewis, the proprietor of a paint and body shop at which, Capital Bank believed, Sidney was employed. Capital Bank caused a garnishment summons to be served upon Tommy, but the summons was addressed to another business, not to Tommy. When Tommy did not answer this summons, Capital Bank moved for a default judgment against Tommy, and the court below entered one. A few months later, Tommy moved to set aside the default judgment, asserting that he never was served with proper process and that the court, therefore, never obtained jurisdiction of his person. The court below denied this motion, and Tommy appeals. We agree with Tommy that the court was without jurisdiction of his person and should have set aside the default judgment. Accordingly, we reverse the judgment below.

In January 2010, Capital Bank commenced garnishment proceedings against Tommy by filing an affidavit of continuing garnishment, in which Capital Bank averred that it had secured a judgment of approximately $40,000 against Sidney and that Tommy, doing business as "2-A Paint & Body," was an employer of Sidney subject to garnishment, although the affidavit referred to Tommy by name only in its caption. Capital Bank also prepared a summons of continuing garnishment, and although the summons, like the affidavit, identified "Tommy Lewis d/b/a 2-A Paint & Body" in its caption as the garnishee, the summons actually was addressed to "Lewis Automotive Enterprises, Inc., Garnishee," a corporation

---

346 (2) (e) (693 SE2d 578) (2010).

then registered to do business in Georgia.[1] On January 26, the sheriff made personal service of both the affidavit and the summons upon Tommy, and a return of service was filed with the court on the following day. When Tommy did not answer the summons, Capital Bank moved for a default judgment, and on May 14, the court below granted the motion and entered a default judgment against Tommy for the full amount of the judgment that Capital Bank had secured earlier against Sidney, plus interest and court costs.

Nearly six months later, Tommy appeared specially and filed a motion to set aside the default judgment under OCGA § 9-11-60 (d) (1), asserting that the judgment could not stand because, insofar as Capital Bank failed to serve him with proper process, the court never obtained jurisdiction of his person. Capital Bank advanced two arguments in opposition to this motion. First, a motion to set aside a default judgment in continuing garnishment proceedings, Capital Bank said, must be brought under OCGA § 18-4-115 (b), and OCGA § 9-11-60 has no application, it argued, in garnishment proceedings. Because OCGA § 18-4-115 (b) requires a garnishee to pay accrued court costs, which Tommy apparently did not do, Capital Bank urged that Tommy had failed to satisfy the statutory conditions precedent for having the judgment set aside. Second, the summons that was personally served upon Tommy identified him as the garnishee in its caption and substantially complied with the requirements for a garnishment summons, which, Capital Bank said, is enough to give the court jurisdiction of his person. The court below denied the motion to set aside in a two-sentence order that does not identify the precise grounds upon which the court based its decision.[2] Tommy filed an application for discretionary review with this Court, see OCGA § 5-6-35 (a) (4), which we granted, and Tommy now appeals from the order denying his motion to set aside.

1. We consider first whether Tommy was entitled to seek relief from the default judgment under OCGA § 9-11-60 (d) (1) or whether he was required instead, as Capital Bank contends, to bring his motion under OCGA § 18-4-115 (b). The Civil Practice Act, of which

---

[1] According to documents in the record, Lewis Automotive Enterprises, Inc. was administratively dissolved in September 2010. It apparently maintained its principal office at the same street address as that listed in the summons for Tommy, and it appears that Sidney once was employed with Lewis Automotive Enterprises, Inc. Nothing in the record, however, indicates that Tommy personally is the successor in interest to Lewis Automotive Enterprises, Inc. or otherwise is responsible for its liabilities and obligations, such that an action against the corporation would amount to an action against him.

[2] The order reads: "On March 9, 2011, the Court held a hearing on the Motion to Set Aside Order Granting Default Judgment (hereinafter "Motion") filed by Garnishee. After careful review and consideration of the entire record in this case and the argument of counsel and for other good cause, the Court DENIES the Motion."

OCGA § 9-11-60 is a part, applies in garnishment proceedings "except as otherwise provided in" Title 18, Chapter 4 of the Code, the provisions of which specifically govern such proceedings. See OCGA § 18-4-1. Capital Bank contends that OCGA § 18-4-115 (b) otherwise makes provision for setting aside a default judgment in a continuing garnishment case and that OCGA § 9-11-60, therefore, never can be applied with respect to such a judgment. We do not agree.

By its plain terms, OCGA § 18-4-115 (b) applies only when a garnishee seeks to obtain relief from a "default judgment entered as provided in [OCGA § 18-4-115 (a)]," and the entry of a default judgment "as provided in [OCGA § 18-4-115 (a)]" presupposes that the court has obtained jurisdiction of the person of the garnishee. See *Wilson v. Passmore*, 240 Ga. 716, 717 (2) (242 SE2d 124) (1978). A court obtains jurisdiction of the person of the garnishee, of course, only after he has been served with proper process or waives service of process by appearing voluntarily or some other affirmative act. *Williams v. Fuller*, 244 Ga. 846, 849 (3) (262 SE2d 135) (1979) ("Jurisdiction of the person is the power of a court to render a personal judgment . . . and is obtained by appearance or by serving the proper process in the manner required by law on persons or parties subject to be sued in a particular action.") (citation and punctuation omitted). See also *Murphy Bros., Inc. v. Michetti Pipe Stringing*, 526 U. S. 344, 350 (II) (119 SC 1322, 143 LE2d 448) (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."); *ARC Security v. Massey Business College*, 221 Ga. App. 489, 491 (1) (471 SE2d 569) (1996) (garnishee entitled to have default judgment set aside for insufficient service of process). Moreover, a default judgment can be entered pursuant to OCGA § 18-4-115 (a) only when the garnishee fails to timely file an answer, and by the plain terms of OCGA § 18-4-113 (a) (1), the time in which an answer must be filed is triggered by the service of a summons of continuing garnishment.

Accordingly, a default judgment is "entered as provided in [OCGA § 18-4-115 (a)]," we think, only after the garnishee has been served with proper process or has waived service of process, and OCGA § 18-4-115 (b) provides relief, therefore, only when process has been served or waived. When a court enters a default judgment in a continuing garnishment proceeding in which the garnishee has not been served with a summons of continuing garnishment and the court has not obtained jurisdiction of the person of the garnishee, the default judgment is not one "entered as provided in [OCGA §

18-4-115 (a)]," and OCGA § 18-4-115 (b) affords no relief.[3] In such a case, the garnishee is entitled to bring a motion to set aside the default judgment under OCGA § 9-11-60 (d) (1).

2. We turn next to the merits of the motion to set aside the judgment below. As we already have explained, the entry of a default judgment in garnishment proceedings, as in any other kind of case, requires that the court have obtained jurisdiction of the person of the garnishee, and that requires that the garnishee have been served with proper process or have waived this requirement. Here, nothing in the record suggests that Tommy appeared voluntarily in the garnishment proceedings or otherwise waived service of process prior to the entry of the default judgment. The question, then, is whether he was served with proper process. In clear, unambiguous, and mandatory terms, OCGA § 18-4-113 (a) identifies the relevant feature of the process with which a garnishee in a continuing garnishment case must be served: "The summons of continuing garnishment *shall* be directed to the garnishee." (Emphasis supplied.) Capital Bank contends that the summons in this case substantially complied with this requirement because, although it was directed to another, it identified Tommy as the garnishee in the caption and was served together with the affidavit of continuing garnishment, which also identified Tommy as the garnishee. We disagree.

Even assuming that substantial compliance is enough,[4] we do

---

[3] OCGA § 18-4-91 governs motions to modify default judgments in post-judgment garnishment proceedings that are not continuing in nature, but it is similar enough to OCGA § 18-4-115 (b) to cause us to think that cases construing OCGA § 18-4-91 might help us understand OCGA § 18-4-115 (b). In *Southeast Grading v. Grissom-Harrison Corp.*, 171 Ga. App. 298, 299 (1) (319 SE2d 121) (1984), we said that "OCGA § 18-4-91 comes into play only after a garnishee fails or refuses to file a timely answer to the summons of garnishment and a default judgment is subsequently entered against the garnishee." In two other cases, we have treated motions under OCGA § 9-11-60 to set aside default judgments in garnishment proceedings and motions under OCGA § 18-4-91 to modify such judgments as separate and distinct kinds of motions. See *Jova Daniels Busby, Inc. v. Greenforest Community Baptist Church*, 240 Ga. App. 419, 420-421 (1) (523 SE2d 629) (1999) (affirming trial court's decision to treat motion as both a motion to set aside default judgment under OCGA § 9-11-60 (d), which the trial court denied, and a motion to modify default judgment under OCGA § 18-4-91, which the trial court granted); *Boston Sea Party of Atlanta v. Bryant Lithographing Co.*, 146 Ga. App. 294, 295-297 (246 SE2d 350) (1978) (affirming denial of motion to set aside default judgment in continuing garnishment case and reversing grant of separate motion to modify default judgment under OCGA § 18-4-91). These cases are consistent with our conclusion today that OCGA § 18-4-115 (b) leaves some room for OCGA § 9-11-60 (d) (1) to apply to default judgments rendered in continuing garnishment cases. See also *Homemakers, Inc. of Atlanta v. GAC Finance Corp.*, 135 Ga. App. 242, 242 (217 SE2d 475) (1975) (remanding for trial court to conduct evidentiary hearing on motion under OCGA § 9-11-60 (d) to set aside default judgment in garnishment proceedings); *Chase Manhattan Bank v. LaFray*, 258 Ga. App. 183, 184 & n.3 (573 SE2d 435) (2002) (noting that trial court set aside default judgment in related garnishment proceedings upon motion brought under OCGA § 9-11-60 (d)).

[4] Capital Bank relies on *Gainesville Feed & Poultry Co. v. Waters*, 87 Ga. App. 354 (1) (73

not think the summons in this case substantially complied with the requirement that the summons be directed to the garnishee. This is not a case in which the summons merely misspelled the name of the garnishee or identified the garnishee by a name substantially similar, but not identical, to his actual name, such that one could readily ascertain that the garnishee was, in fact, the person to whom the summons was directed. Compare *Bailie Furniture Co. v. Hotel Richmond Inc.*, 57 Ga. App. 281, 281 (1) (195 SE 216) (1937) ("A summons of garnishment issued and directed to 'Hotel Richmond Incorporated' is properly issued and directed even though the corporate name of the garnishee is 'Hotel Richmond Inc.' "). Instead, the summons in this case was directed to "Lewis Automotive Enterprises, Inc.," a then-existing corporation that is legally separate and distinct from "Tommy Lewis d/b/a 2-A Paint and Body." The summons here simply was directed to the wrong person, and it was this person, not Tommy, whom the summons commanded by its plain terms to "hold immediately all property, money, wages, except what is exempt, belonging to [Sidney]" and to file an answer within 45 days of service and additional answers every 45 days thereafter. That the summons was directed to a real corporation with which Sidney once had been employed and that maintained its principal office at the same address as that at which Tommy was served with the summons only compounds the failure of Capital Bank to direct the summons to the proper person and renders the summons more likely to confuse a reasonable recipient. For these reasons, we think this summons does not comply — strictly, substantially or otherwise — with the requirement that the summons itself be directed to the garnishee.

Although Tommy was identified as the garnishee in the caption of both the summons and the affidavit of continuing garnishment, his name appears nowhere else in either document. Even if the mention of his name in these captions was adequate to give him actual notice of the commencement of the garnishment proceedings against him, that the garnishee may have received actual notice "does not obviate the need for proper service [of process]." See *KMM Indus. v. Professional Placement Assn.*, 164 Ga. App. 475, 476 (297 SE2d 512) (1982); see also *Heard v. Hopper*, 233 Ga. 617, 618 (2) (212 SE2d 797) (1975) ("With respect to pleadings and other matters

SE2d 771) (1952), in support of its argument that substantial compliance is enough. But our decision in *Gainesville Feed* was based on the former Code Ann. § 81-220, which specifically was repealed by the enactment of the Civil Practice Act in 1966. Ga. L. 1966, p. 609, § 135 (1). And a recent Supreme Court of Georgia case specifically states that strict compliance with statutory requirements concerning notice of garnishment proceedings to a judgment debtor is required. *Cook v. NC Two, LP*, 289 Ga. 462 (712 SE2d 831) (2011).

which must be served upon an adversary party, it has been uniformly held that it is immaterial that the party actually received the pleading or other matter where service was otherwise improper."). Accordingly, the summons was defective, its service upon Tommy did not confer jurisdiction of his person upon the court, and the court ought to have granted the motion to set aside. We, therefore, reverse and remand for the court below to set aside the default judgment.

*Judgment reversed. Barnes, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 27, 2011.

*Grant, Konvalinka & Harrison, John P. Konvalinka, David C. Higney*, for appellant.

*Gearhiser, Peters, Cavett, Elliott & Cannon, Gary L. Henry*, for appellee.