**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 21, 2013**

# In the Court of Appeals of Georgia

A12A2265. OXMOOR PORTFOLIO, LLC v. FLOORING AND TILE SUPERSTORE OF CONYERS, INC.

PHIPPS, Presiding Judge.

Oxmoor Portfolio, LLC filed this interlocutory appeal from the trial court's order granting a motion to set aside a default judgment in a garnishment proceeding, which motion was brought by Flooring and Tile Superstore of Conyers, Inc. ("FTSC") pursuant to OCGA § 9-11-60 (d) (3). The issues in this appeal are (1) whether FTSC was required to satisfy the requirements of OCGA § 18-4-91 in order to bring its motion pursuant to OCGA § 9-11-60 (d) (3); and (2) whether the court erred in finding that FTSC showed a nonamendable defect appearing on the face of the record, as required by OCGA § 9-11-60 (d) (3). We hold that FTSC was not required to satisfy the requirements of OCGA § 18-4-91 in order to bring its motion pursuant to OCGA § 9-11-60 (d) (3), but that the trial court erred in finding that

FTSC satisfied the nonamendable defect requirement of OCGA § 9-11-60 (d) (3). Therefore, we reverse the judgment of the trial court.

Oxmoor commenced a continuing garnishment action, naming FTSC as the garnishee and "Patrick D. Parker a/k/a Pat Parker" as the defendant. Oxmoor stated in its affidavit of continuing garnishment that the defendant was indebted to Oxmoor on a judgment and that FTSC was believed to be an employer of the defendant. FTSC was served with the summons on April 12, 2011, and the sheriff's entry of service shows that service was made upon "Patrick Parker." On May 26, 2011,[1] an answer was filed on FTSC's behalf, asserting therein that "Pat Parker" was not and had not been an employee of FTSC, and that FTSC possessed none of his assets. FTSC's answer was signed by someone identified as the "Garnishee"[2]; the name was handwritten (only) and not legible. According to FTSC, the defendant's son, also named Patrick D. Parker, filed the answer on behalf of FTSC. Oxmoor filed a traverse to the answer, asserting that FTSC's answer was "untrue or legally insufficient."

---

[1] FTSC filed a second answer on July 13, 2011, which was essentially identical to the first answer. In order to avoid confusion, our reference in this opinion to the answer is to the first answer filed (May 2011).

[2] The preprinted "Answer of Continuing Garnishment" form filed in this case included a designated space for a signature, in which a signature was written. The words "Garnishee or Attorney-at-Law" were preprinted below the signature space, and the word "Garnishee" was circled.

2

In December 2011, the trial court entered default judgment against FTSC. In its order, the court stated that Patrick D. Parker,[3] who was the named defendant in the case and not an attorney, had filed an answer on behalf of the garnishee (which was a corporation), that a corporation could be represented only by an attorney, and that the answer filed by Patrick D. Parker on behalf of FTSC was a mere nullity and could not be considered by the court.

On March 16, 2012, through counsel, FTSC filed a motion to set aside the default judgment pursuant to OCGA § 9-11-60 (d) (3), asserting that the order granting the default judgment contained a nonamendable defect which appeared on the face of the record. That defect, FTSC argued, was that the answer should not have been dismissed as a nullity; rather, FTSC should have been permitted an opportunity to amend the answer to insert the name and signature of an attorney. In the motion, FTSC stated that the registered agent and officer of FTSC, Patrick D. Parker (to whom FTSC referred as "son Parker"), had filed a timely answer on behalf of FTSC, and that the court had mistakenly stated in the order that son Parker was the named

---

[3] Patrick D. Parker filed an affidavit in March 16, 2012 averring that, at the time he made the affidavit, he was the registered agent and CEO of FTSC (since August 2008); that he always filed the answers to garnishments against FTSC; that his father, Pat D. Parker, was never employed by FTSC, and that FTSC possessed none of his father's assets.

3

defendant in the garnishment action, when the defendant was instead his father, with whom son Parker shared a name.[4] The trial court granted FTSC's motion to set aside and permitted FTSC to amend the answer.

1. Oxmoor contends that the trial court erred in setting aside the default judgment because FTSC failed to comply with OCGA § 18-4-91. According to Oxmoor, the provisions of OCGA § 18-4-91 are "mandatory preconditions" to modify or set aside a default judgment entered against a garnishee, and the court cannot set aside a judgment pursuant to OCGA § 9-11-60 (d) unless the garnishee complied with the former statute.[5] We disagree.

When the issue is a question of law, such as here (whether FTSC was required to comply with OCGA § 18-4-91 in an action brought under OCGA § 9-11-60), we owe no deference to the trial court's ruling and apply the "plain legal error" standard of review.[6]

---

[4] See OCGA § 18-4-62 (a), pertinently providing that the garnishee's answer must be filed with the court not sooner than 30 days and not later than 45 days after the service of the summons. The answer here was filed on May 26, which was 44 days after service.

[5] FTSC does not claim that it complied with the time or payment of costs requirements set out in OCGA § 18-4-91.

[6] *W. Ray Camp, Inc. v. Cavalry Portfolio Svcs.*, 308 Ga. App. 597, 599 (708 SE2d 560) (2011) (question involving the type of notice required by OCGA § 18-4-

OCGA § 18-4-90 (a) provides that

[i]n case the garnishee fails or refuses to file a garnishee answer by the forty-fifth day after service of the summons, the garnishee shall automatically be in default. The default may be opened as a matter of right by the filing of a garnishee answer within 15 days of the day of default and payment of costs. If the case is still in default after the expiration of the period of 15 days, judgment by default may be entered at any time thereafter against the garnishee for the amount claimed to be due on the judgment obtained against the defendant.[7]

OCGA § 18-4-91 pertinently provides that when a judgment is rendered against a garnishee under OCGA § 18-4-90, the garnishee may, on timely-filed motion and upon payment of all accrued costs of court, have the judgment modified so that the amount of the judgment shall be reduced to an amount equal to the greater of $50 or $50 plus 100 percent of the amount by which the garnishee was indebted to the defendant.

---

91 was one of law) (citation and punctuation omitted).

[7] See OCGA §§ 18-4-115 (b) (regarding entry of default judgment in continuing garnishment proceedings, and providing that "[t]he garnishee may obtain relief from default judgment entered as provided in [OCGA § 18-4-115 (a)] upon the same conditions as provided in [OCGA §] 18-4-91"; 18-4-110 (pertinently providing that "[u]nless otherwise specifically provided in this article, the methods, practices and procedures for continuing garnishment shall be the same as for any other garnishment as provided in this chapter").

OCGA § 9-11-60 (d) (3) pertinently provides that a motion may be brought to set aside a judgment based upon a nonamendable defect which appears upon the face of the record or pleadings.

No language in either OCGA § 18-4-91 or OCGA § 9-11-60 requires a party to comply with OCGA § 18-4-91 as a precondition to obtaining relief pursuant to OCGA § 9-11-60. "A court cannot by construction add to, take from, or vary the meaning of unambiguous words in a statute."[8] "We can not add a line to the law."[9]

We point out that the two statutes serve different purposes. OCGA § 18-4-91 specifically provides a procedure for a garnishee to have a judgment entered against it *modified*, while OCGA § 9-11-60 specifically provides a procedure for a garnishee to have a judgment entered against it *set aside.* As this court expressly recognized in *Lewis v. Capital Bank*,[10] we have treated motions under OCGA § 9-11-60 to set aside default judgments in garnishment proceedings and motions under OCGA § 18-4-91

---

[8] *City of Atlanta v. Clayton County Bd. &c.*, 271 Ga. App. 84, 86 (1) (608 SE2d 710) (2004) (citation and punctuation omitted).

[9] *State v. Fielden*, 280 Ga. 444, 448 (729 SE2d 378) (2012) (citation and punctuation omitted).

[10] 311 Ga. App. 795 (717 SE2d 481) (2011).

6

to modify such judgments as separate and distinct types of motions.[11] Thus, FTSC was not required to comply with OCGA § 18-4-91 in order to obtain relief pursuant to OCGA § 9-11-60 (d) (3).

Oxmoor's reliance on *J. E. E. H. Enterprises v. Montgomery Ward*[12] as requiring compliance with OCGA § 18-4-91 where a motion is brought pursuant to OCGA § 9-11-60 (d) (3) is misplaced. In that case, this court held that the garnishee had not established a proper basis for a motion to set aside, pursuant to OCGA § 9-11-60 (d), because no nonamendable defect appeared on the face of the pleadings and no jurisdictional error was raised.[13] The court added that "the payment of accrued court costs is a statutory prerequisite *to a motion to modify a default judgment of garnishment.* See OCGA § 18-4-91."[14] But FTSC did not make a motion pursuant to OCGA § 18-4-91. In any event, *J. E. E. H.* did not hold that a garnishee must comply

_____

[11] Id. at 798, n. 3.

[12] 172 Ga. App. 58 (1) (321 SE2d 800) (1984).

[13] Id. (citation omitted).

[14] Id. (citations omitted and emphasis supplied). It is not clear from the opinion in *J. E. E. H.* whether the garnishee sought relief pursuant to OCGA § 9-11-60 (d), OCGA § 18-4-91, or both statutes.

7

with OCGA § 18-4-91 as a precondition to seeking to set aside a judgment pursuant to OCGA § 9-11-60 (d) (3).[15]

In their briefs, the parties discuss at length whether this issue is controlled by this court's decision in *Lewis*.[16] It is not. In *Lewis*, this court rejected the garnishor's argument that, because "OCGA § 18-4-115 (b) otherwise makes provision for setting aside a default judgment in a continuing garnishment case[,] . . . OCGA § 9-11-60 . . . never can be applied with respect to such a judgment"[17]; we held that the garnishee was entitled to seek relief from a default judgment pursuant to OCGA § 9-11-60 (d) (1).[18] In that case, the garnishee had not been properly served and the trial court had not obtained jurisdiction of the person of the garnishee; because the default judgment was not one entered as provided in OCGA § 18-4-115 (a), OCGA § 18-4-115 (b) afforded no relief and the garnishee was entitled to bring a motion to set aside

---

[15] *J. E. E. H.*, supra.

[16] Supra.

[17] Id. at 797 (1). Regarding the reference to OCGA § 18-4-115 (as opposed to OCGA § 18-4-91), see *Lewis*, supra at 798, n. 3, and note 7, supra, of the instant opinion.

[18] OCGA § 9-11-60 (d) (1) provides that a motion to set aside may be based upon "[l]ack of jurisdiction over the person or the subject matter."

8

pursuant to OCGA § 9-11-60 (d) (1).[19] Inasmuch as *Lewis* did not address the issue raised in this case (namely, whether a garnishee must comply with OCGA § 18-4-62 as a precondition to seeking relief under OCGA § 9-11-60 (d) (3)), it does not control here.

2. Oxmoor contends that the trial court erred in granting the motion to set aside the default judgment because FTSC failed to demonstrate that a nonamendable defect appeared on the face of the record. We agree.

OCGA § 9-11-60 (d) (3) permits a judgment to be set aside on the basis of a "nonamendable defect which appears upon the face of the record or pleadings." "Where . . . the record shows on its face that the default was entered on an improper basis, there is a nonamendable defect on the face of the record."[20] "Under [OCGA § 9-11-60 (d) (3)], . . . the pleadings must affirmatively show no claim in fact existed."[21]

---

[19] *Lewis*, supra at 797-798 (1).

[20] *Shields v. Gish*, 280 Ga. 556, 558 (2) (629 SE2d 244) (2006) (citations omitted); *Hiner Transport v. Jeter*, 293 Ga. App. 704, 705 (667 SE2d 919) (2008) (In cases involving a default judgment, a nonamendable defect arises "[w]here . . . the record shows on its face that the default was entered on an improper basis.") (punctuation and footnote omitted).

[21] *Fudge v. Weissinger*, 201 Ga. App. 409, 410 (1) (411 SE2d 62) (1991) (citation, punctuation and emphasis omitted); see *First Baptist Church of Roswell v. King*, 208 Ga. App. 250, 252 (1) (430 SE2d 635) (1993).

"We review a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) for abuse of discretion."[22]

In its motion to set aside, FTSC asserted that

> the [December 2011] Order contains a non-amendable defect which appears on the face of the record. . . . Specifically, the timely filed answer of son Parker, as CEO and registered agent of Garnishee, should not have been dismissed as a nullity. Rather, Garnishee should have been permitted an opportunity to amend the Answer to insert the name and signature of an attorney.

The record shows that FTSC's answer was not signed by an attorney. Indeed, because FTSC (a corporation) could be represented in a court of record only by an attorney, the purported answer signed and filed by an officer or registered agent was defective.[23] Although the defect could have been cured as a matter of right before the

---

[22] *Stamey v. Policemen's Pension Fund &c.*, 289 Ga. 503, 504 (1) (712 SE2d 825) (2011) (citations and punctuation omitted).

[23] *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997) (in this state, only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record); *Peachtree Plastics v. Verhine*, 242 Ga. App. 21, 22 (528 SE2d 837) (2000) (because a corporation can only be represented in a court of record by an attorney, the answer filed by its nonattorney president was defective). Note that the legislature revised OCGA § 18-4-8 (b), effective February 7, 2012 (after the answer was filed and default judgment was entered in this case), and it now pertinently provides that the execution and filing of a garnishee answer may be done by a corporate entity's authorized officer or employee. Ga. L. 2012, p. 2, §3.

entry of a pretrial order and thereafter with leave of court before judgment,[24] it was not; indeed, there is no showing (or even a claim) that FTSC sought to cure the defect in the answer before default judgment was entered but that the court prevented it from doing so.[25] After judgment was entered, it was too late to amend the answer.[26]

FTSC failed to amend the defective answer as permitted by law, and pursuant to OCGA § 18-4-90, it was automatically in default. Thus, the pleadings do not

---

[24] See *R. A. F. v. Robinson*, 286 Ga. 644, 647 (2) (690 SE2d 372) (2010) (under OCGA § 9-11-15 (a), a party may amend his pleadings without leave of court at any time before the entry of a pretrial order, and thereafter only by leave of court or by written consent of the adverse party; although the right to amend is broad, it may not be exercised after a case has been tried and a judgment rendered therein which has not been set aside or vacated); *Edenfield & Cox v. Mack*, 282 Ga. App. 816, 817-818 (640 SE2d 343) (2006) (a pleading not signed by an attorney is not null and void, as such a defect can be cured by amendment); *Associated Doctors &c. v. U. S. Foodservice &c.*, 250 Ga. App. 878-879 (1) (553 SE2d 310) (2001) (corporation's answer filed by nonattorney officer was defective, but the defect was amendable; defect was cured when, prior to entry of a pretrial order, an attorney representing the corporation filed an amended answer which related back to the date of the original answer; thus, trial court erred in striking the amended answer and denying motion to open default); *Peachtree Plastics*, supra (trial court erred by striking amended answer and granting default judgment where defendant had cured defect by filing an amended answer prior to the entry of a pretrial order).

[25] See generally *Tidikis v. Network for Medical &c.*, 274 Ga. App. 807, 813 (5) (619 SE2d 481) (2005) (party asserting that court should have allowed him leave to amend complaint must establish that the court prevented him from amending his complaint).

[26] See *R. A. F.*, supra.

affirmatively show that no claim in fact existed and that there was no basis upon which to enter a default judgment.[27] Because FTSC failed to establish the presence of a nonamendable defect on the face of the record or pleadings, the court abused its discretion by granting the motion to set aside the default judgment.[28]

*Judgment reversed. Ellington, C. J., and Dillard, J., concur.*

---

[27] See OCGA § 9-11-60 (d) (3). Compare *Stamey*, supra at 506 (1) (stating that "OCGA § 9-11-60 (d) (3) authorizes a trial court to set aside a judgment based upon a nonamendable defect which appears on the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but *the pleadings must affirmatively show that no claim in fact existed*"; court did not err in setting aside default judgment as record affirmatively revealed that answer was timely filed and there was no basis upon which to claim a default judgment) (punctuation and footnote omitted; emphasis supplied).

[28] See *Horizon Credit v. Lanier Bank & Trust*, 220 Ga. App. 362, 363-364 (1) (469 SE2d 452) (1996) (the absence of a statutorily-required signature on an affidavit for issuance of summons of garnishment was an amendable defect; thus, there was no nonamendable defect on the face of the record or pleading, and the trial court erred in granting a motion to set aside default judgment brought pursuant to OCGA § 9-11-60 (d) (3)); see generally *First Baptist Church of Roswell*, supra at 252 (1) (where movant failed to show a nonamendable defect appearing on the face of the record, the trial court erred by setting aside the judgment under OCGA § 9-11-60 (d)). Compare *Shields*, supra; *Fulton v. State*, 183 Ga. App. 570, 572-573 (359 SE2d 726) (1987) (a nonamendable defect appeared on the face of the record where court had granted default judgment based upon the misapplication of a superior court rule regarding failure to respond to a calendar call).

12