**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 12, 2024**

# In the Court of Appeals of Georgia

A23A1736. AMERIPRISE HOLDINGS, INC. v. KATHY MCCAMPBELL, AS SURVIVING CHILD OF ETTA MCCAMPBELL, et al.

DOYLE, Presiding Judge.

This appeal arises from the denial of a motion to set aside a default judgment filed by Ameriprise Holdings, Inc. ("AHI"), in a garnishment proceeding filed by Kathy McCampbell ("McCampbell"), as daughter and survivor of Etta McCampbell. AHI appeals, arguing that (1) the trial court abused its discretion by entering a default judgment against AHI and by denying AHI's motion to set aside default under OCGA § 9-11-60 because McCampbell used the incorrect form when instigating the garnishment against it; and (2) the trial court abused its discretion by refusing to set

aside the default judgment because it violates the Due Process and Excessive Fines Clauses of the United States Constitution. For the reasons that follow, we reverse.

"Absent an abuse of discretion, we will not reverse a trial court's refusal to set aside a default judgment."[1] Nevertheless, the standard of review for a question of law on appeal is de novo for which this Court owes "no deference to the trial court's [legal] ruling and appl[ies] the plain legal error standard of review."[2]

The record shows that Etta McCampbell was catastrophically injured at a nursing home, and McCampbell thereafter obtained a judgment against the nursing home — Brentwood Healthcare Holdings, LLC ("Brentwood"), — for $3,412,979.45. On May 28, 2019, McCampbell filed a "Summons of Garnishment on a Financial Institution," against 20 garnishees,[3] including AHI. On May 31, 2019, AHI

---

[1] (Citation and punctuation omitted.) *Jacques v. Murray*, 290 Ga. App. 334, 335 (1) (659 SE2d 643) (2008).

[2] (Citation and punctuation omitted.) *Cosby v. Lewis*, 308 Ga. App. 668, 679 (1) (708 SE2d 585) (2011).

[3] Of the twenty prospective garnishees, seven filed within the statutory fifteen days the single page form answer or letter answer stating that they did not have records of holding any Brentwood property. Six other garnishees filed answers shortly after the fifteen day period. Of the tardy answer filers, eventually at least four, including AHI, failed to file motions to set aside default during the statutory ninety-day period.

was served the summons of garnishment, as well as an attachment for summons of garnishment on a financial institution, an affidavit, a notice to defendant of right against garnishment of money including wages and other property, a defendant claim form, and financial institution garnishee answer.

AHI received the summons of garnishment, but rather than file a special appearance or answer in the case before the superior court, on June 4, 2019, AHI purportedly sent a letter to McCampbell's counsel.[4] On July 10, 2019, McCampbell filed a motion for default judgment against the garnishees, including AHI, that had failed to answer within the statutory 15 day period after service.[5]

On November 13, 2019, the trial court entered a default judgment against the 13 garnishees who did not answer within 15 days of service. The default judgment was

---

[4] In an affidavit before the trial court and at oral argument, counsel denied receipt of the letter.

[5] See OCGA § 18-4-22 ("When a garnishee is a financial institution and fails or refuses to file a garnishee answer by the fifteenth day after the date of service of the summons of garnishment, such garnishee shall automatically be in default. The default may be opened as a matter of right by the filing of a garnishee answer within 15 days of the day of default and payment of costs. If the case is still in default after the expiration of the period of 15 days, judgment by default may be entered at any time thereafter against such garnishee for the amount remaining due on the judgment obtained against the defendant as shown in the plaintiff's affidavit of garnishment.").

served on AHI and the other garnishees on November 26, 2019, giving them 90 days to file a motion and court fees to reduce the judgment to $50 "plus 100 percent of the amount by which the garnishee was indebted to the defendant, including all money or other property belonging to the defendant."[6] On December 2, 2019, a letter from Ameriprise Financial Services was filed with the court. That letter stated:

> Re: Summons of Garnishment
>
> Debtor: Brentwood Healthcare Holdings Inc.
>
> Directed To: Ameriprise Holdings Inc. . . .
>
> Please be advised that we have searched our records and are unable to locate the above Taxpayer(s) as a client with any of the Ameriprise Financial Companies. Therefore, we are unable to process the above referenced Summons of Garnishment. If you have any other information that you could give us, we will check our records again.

The record does not show that AHI otherwise responded or moved to open, modify, or set aside the default judgment during the 90-day statutory period.

---

[6] See OCGA § 18-4-24 (a).

4

Approximately three years later, on February 6, 2023, AHI moved to set aside the default judgment under OCGA § 9-11-60 because the judgment was a "result of Plaintiff's fraud or mistake, and to let the judgment stand would deprive [AHI] of its constitutional right to due process."[7] Attached to the motion was the affidavit of a corporate representative of Ameriprise Financial, Inc., who averred that AHI

> is not a state or federal chartered commercial or savings bank, it holds no customer accounts or property, and it does not advertise itself as a place of deposit of funds or medium of savings or collective investment. AHI is not a savings and loan association, cooperative bank, federal or state chartered credit union, benefit association, insurance company, safe-deposit company, trust company, or money market mutual fund. . . . None of the business activities in which AHI is engaged involve the holding of any customer accounts or property. AHI is not in the business of maintaining customer accounts or holding customer property

McCampbell responded, arguing that AHI had waived its right to challenge the default judgment because it did not raise the issues through a motion during the 90-day window to modify default, despite AHI filing an untimely answer to the trial court

---

[7] At oral argument, McCampbell's counsel concedes that this motion was filed within the three-year window for certain motions under OCGA § 9-11-60 because the three-year period was extended by the Statewide Judicial Emergency declared by the Supreme Court of Georgia beginning March 14, 2020, and ultimately extended through June 30, 2021.

after it was served with the default judgment in November 2019. On April 12, 2023, the trial court denied AHI's motion to set aside the default judgment, summarily finding that the default judgment was properly ordered against AHI, and that AHI failed to timely move to open default under OCGA § 18-4-24.

1. As an initial matter, McCampbell argues that this appeal should be dismissed because the default judgment was not a final order, the order denying AHI's motion to set aside default was also not a final order, and AHI should have followed appropriate interlocutory appeal procedure pursuant to OCGA § 5-6-34 (b).

Following the trial court's denial of its motion to set aside the default judgment, AHI filed a discretionary application in this Court. This Court granted that application despite McCampbell's contention that the order denying the motion to set aside the default judgment and the default judgment order were not final because at least two other defendants remained in the case below. This Court noted that it was unclear from the application materials whether other claims against other defendants remained outstanding in the garnishment proceeding. Based on our review of the record, however, there does not appear to be any outstanding case against any other defendant because the trial court entered default judgment against every garnishee

6

that failed to file an answer by the fifteenth day after service of the summons of garnishment.[8] Accordingly, McCampbell's jurisdictional argument is without merit.

2. AHI argues that the trial court abused its discretion by entering default and denying its motion to set aside default under OCGA § 9-11-60 because McCampbell served it with the incorrect garnishment summons, one directed to a financial institution as opposed to a general garnishment summons. We agree.

Prior to 2016, Georgia's garnishment statute "provided only for a general garnishment."[9] Effective May 12, 2016, however, the General Assembly enacted a new chapter governing garnishments.[10] The 2016 garnishment statute creates a new

---

[8] Cf. *Camelback Mgmt. Co. v. Phoenix Periodicals*, 192 Ga. App. 101, 102 (1) (383 SE2d 651) (1989) (explaining that "entry of the default judgment constituted a final judgment," and the defendant was not required to file a motion to set aside the default prior to filing an appeal). The cases cited by McCampbell — *Hadid v. Beals*, 233 Ga. App. 5 (502 SE2d 798) (1998) (pending counterclaims), and *Stonica v. State Farm Fire & Cas. Co.*, 198 Ga. App. 717 ( 402 SE2d 553) (1991) (default against fewer than all the defendants) — are not applicable in this instance.

[9] *Blach v. Diaz-Verson*, 303 Ga. 63, 65 (810 SE2d 129) (2018).

[10] See OCGA § 18-4-1, et seq.

category of garnishments — garnishments "served on financial institutions."[11] A financial institution is defined as

> every federal or state chartered commercial or savings bank, including savings and loan associations and cooperative banks, federal or state chartered credit unions, benefit associations, insurance companies, safe-deposit companies, trust companies, any money market mutual fund, or other organization held out to the public as a place of deposit of funds or medium of savings or collective investment.[12]

The 2016 statute also requires different forms for summons of garnishment depending on the type of garnishee — the form for a summons of general garnishment does not vary greatly from the form for a financial institution garnishee used by McCampbell[13] — nevertheless, the law provides that if "a plaintiff uses the incorrect form for a summons of garnishment of any type, the garnishment shall not be valid and the garnishee shall be relieved of all liability."[14]

---

[11] OCGA § 18-4-4 (c) (2).

[12] See OCGA § 18-4-1 (4).

[13] See OCGA § 18-4-7 (c); OCGA § 18-4-76.

[14] OCGA § 18-4-7 (d).

As with prior garnishment statutes, if a garnishee fails to file an answer within 15 days of service of the garnishment summons, then default occurs as a matter of right.[15] Thereafter,

> [o]n a motion filed not later than 90 days from the date the garnishee was served with such default judgment, the garnishee may, upon payment of any costs paid by the plaintiff to the clerk of court for the initiation of the action, and service on the garnishee, have such default judgment modified so that the amount of such default judgment shall be reduced to an amount equal to $50.00 plus 100 percent of the amount by which the garnishee was indebted to the defendant, including all money or other property belonging to the defendant which came into the garnishee's hands. . . .[16]

In *Oxmoor Portfolio v. Flooring & Tile Superstore of Conyers*,[17] this Court addressed the same argument now raised by McCampbell in relation to the previous iteration of this statutory scheme — that a garnishee may not move to set aside a default judgment under OCGA § 9-11-60 without having first answered or moved to modify the judgment under the garnishment statute. In that case, the plaintiff argued

---

[15] See OCGA § 18-4-22.

[16] OCGA § 18-4-24 (a).

[17] 320 Ga. App. 640 (740 SE2d 363) (2013).

9

the former OCGA § 18-4-91 — the statute allowing for modification of a garnishment default judgment within a date certain by filing a motion and paying certain fees — was a mandatory prerequisite to filing a motion to set aside default judgment of a garnishment under OCGA § 9-11-60.[18] This Court disagreed, explaining that

> [n]o language in either [former] OCGA § 18-4-91 or OCGA § 9-11-60 requires a party to comply with [former] OCGA § 18-4-91 as a precondition to obtaining relief pursuant to OCGA § 9-11-60. . . . [T]he two statutes serve different purposes. [Former] OCGA § 18-4-91 specifically provides a procedure for a garnishee to have a judgment entered against it modified, while OCGA § 9-11-60 specifically provides a procedure for a garnishee to have a judgment entered against it set aside.[19]

OCGA § 18-4-24 is largely the same as former OCGA § 18-4-91, and we see no reason to deviate from the holding of *Oxmoor Portfolio*.[20] "Thus, [AHI] was not required to

---

[18] (Citations omitted.) Id. at 641 (1).

[19] Id. at 641-642 (1). See also *Lewis v. Capitol Bank*, 311 Ga. App. 795, 798, n.3 (717 SE2d 481) (2011).

[20] See, e.g., *Gray v. State*, 310 Ga. 259, 262 (2) (850 SE2d 36) (2020) (explaining that "statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it" and that "common-law rules are still of force and effect . . . except where they have been changed by express statutory enactment or by necessary implication") (citations and punctuation

10

comply with [OCGA § 18-4-24] in order to obtain relief pursuant to OCGA § 9-11-60 . . . ."[21]

Here, McCampbell served AHI with a financial institution summons and garnishment. AHI's motion to set aside included an affidavit showing that AHI was not a financial institution within the meaning of OCGA § 18-4-1 (4), and therefore, McCampbell used the incorrect summons of garnishment form when instituting the action against it. Thus, the default judgment was due to be set aside.[22] That AHI did not timely answer or file a motion to modify under OCGA § 18-4-24 does not constitute negligence or fault of the movant such that relief under OCGA § 9-11-60 (d) (2) was foreclosed to them.[23] Accordingly, the trial court abused its discretion by

omitted).

[21] *Oxmoor Portfolio*, 320 Ga. App. at 642-643 (1).

[22] See OCGA § 9-11-60 (d) (2). See also OCGA § 18-4-7 (d).

[23] To the extent that McCampbell argues that AHI waived its ability to bring a challenge to the default judgment pursuant to OCGA § 9-11-60 (d) (2) because the issue of the incorrect garnishment form was not raised in the December 2 letter filed by Ameriprise Financial Services, that letter was not filed by AHI. Regardless of whether the letter could serve to waive any defenses for AHI, in light of the clear directive contained in OCGA § 18-4-7 (d) that "[w]hen a plaintiff uses the incorrect form for a summons of garnishment of any type, the garnishment *shall not be valid* and the garnishee *shall be relieved of all liability*[,]" (emphasis supplied) we decline to hold

11

denying McCampbell's motion to set aside default, and we therefore reverse the judgment.

3. Based on the foregoing, we need not address the other enumerations of error raised by AHI.

*Judgment reversed. Gobeil, J., and Senior Judge C. Andrew Fuller concur.*

---

that the failure to raise this defense prior to the motion via OCGA § 9-11-60 (d) (2) is subject to waiver under OCGA § 9-11-12 (h).