**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 19, 2025**

# In the Court of Appeals of Georgia

A25A2180. BAEZ v. GARCIA.

MERCIER, Judge.

Madelin Nunez Baez appeals from the trial court's order denying her motion to set aside a divorce decree. For reasons that follow, we reverse.

On January 4, 2022, Marco Garcia filed a pro se petition to dissolve his marriage with Baez, asserting that the marriage was irretrievably broken. Garcia asked the trial court to grant him a divorce and incorporate into its order a settlement agreement purportedly reached by the parties regarding, among other things, the division of assets and liabilities. Garcia attached a copy of the agreement to his petition.

The trial court entered a final judgment and decree of divorce on March 9, 2022. When entering its judgment, however, the court struck through language that would have incorporated the settlement agreement into the divorce decree.[1] The decree does not otherwise address the settlement or discuss financial issues relating to dissolution of the marriage.

Twenty months later, Baez moved to set aside the decree and/or to enforce the settlement agreement, noting that, without the agreement, contested issues remained regarding the marital estate. The trial court denied the motion, and we granted Baez's application for discretionary review. This appeal followed.

Pursuant to OCGA § 9-11-60 (d), a trial court may set aside a judgment based upon (1) lack of jurisdiction over the person or subject matter; (2) fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the moving party; or (3) a nonamendable defect appearing on the face of the record or pleadings. We review a trial court's ruling on a motion to set aside for abuse of

---

[1] The language stricken by the trial court provides: "The settlement agreement entered into between the parties and filed with the court . . . is hereby incorporated into and made a part of this Final Judgment and Decree of Divorce."

2

discretion. See *Stamey v. Policemen's Pension Fund Board of Trustees*, 289 Ga. 503, 504 (1) (712 SE2d 825) (2011).

1. Baez first argues that the trial court erred in failing to set aside the judgment because it never acquired personal jurisdiction over her. Specifically, she contends that "no summons was issued or served" on her. The record, however, contains a sheriff's entry of service stating that Baez was personally served with the divorce "action and summons" on January 7, 2022. This entry of service "constitutes prima facie proof as to the facts recited therein." *Rafac v. Jiangsu Linhai Power Machinery Group Corp.*, 357 Ga. App. 551, 554 (851 SE2d 185) (2020). As Baez has pointed to no contrary record evidence undermining proof of service, she has not made any showing that the trial court abused its discretion in finding proper service and personal jurisdiction here.

2. Nevertheless, we agree with Baez that the judgment should have been set aside because a nonamendable defect appears on the face of the record. See OCGA § 9-11-60 (d) (3). Under Uniform Superior Court Rule 24.7, "no divorce decree shall be granted unless all contestable issues in the case have been finally resolved." The divorce decree at issue does not resolve — or even address — financial issues relating

3

to the divorce, such as the division of marital property and liabilities. The settlement agreement Garcia attached to the divorce petition attempted to deal with these issues. But the trial court refused to incorporate the agreement into the decree, noting in its order denying Baez's motion to set aside that Baez had not signed the agreement.

Multiple contestable issues remained pending when the trial court entered the final divorce decree on March 9, 2022. Accordingly, "the granting of the divorce was improper[,]" and the trial court abused its discretion in denying Baez's motion to set aside. *Edwards v. Edwards*, 260 Ga. 440 (396 SE2d 236) (1990) (reversing denial of motion to set aside final judgment of divorce where claims relating to alimony and equitable division of property were neither addressed nor resolved in decree); see also *Rodgers v. Rodgers*, 358 Ga. App. 223, 229 (3) (854 SE2d 558) (2021) ("[A] divorce decree should resolve all contested issues.").

*Judgment reversed. Dillard, P. J., and Senior Judge C. Andrew Fuller concur.*